MARK D. LONERGAN (State Bar No. 143622)
MARK I. WRAIGHT (State Bar No. 228303)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
mdl@severson.com
miw@severson.com

Attorneys for Defendant
FIRESIDE THRIFT BANK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND

| | |
|---|---|
| BILLIE J. SMITH, an individual, | Case No.: C07-03883 |
| Plaintiff, | **NOTICE OF REMOVAL (FEDERAL QUESTION JURISDICTION)** |
| vs. | |
| FIRESIDE THRIFT COMPANY, a.k.a. FIRESIDE BANK, and DOES 1-50, | |
| Defendants. | |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF BILLIE J. SMITH:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1441(b) and 1446, defendant Fireside Bank hereby removes the above-captioned action from the Superior Court of the State of California, in and for the County of Alameda, to the United States District Court, Northern District of California. Fireside Bank alleges that this action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court as follows:

1.  Fireside Bank is the named defendant in the civil action filed on June 28, 2007 by plaintiff Billie J. Smith in the Superior Court of the State of

- 1 -

California, in and for the County of Alameda, Case No. RG07333184, entitled *Billie J. Smith v. Fireside Thrift Company, a.k.a. Fireside Bank* (the "State Court Action"). Plaintiff asserts claims in the State Court Action against Fireside Bank for: 1) violations of California's Unfair Debt Collection Practices Act, 2) violations of the Federal Fair Debt Collection Practices Act, 3) Abuse of Process, 4) Breach of Contract, and 5) Unfair Business Practices.

2. On June 29, 2007, Plaintiff served Fireside Bank with copies of the Summons and Complaint. A true and correct copy of the Summons is attached hereto as Exhibit 1. A true and correct copy of the Complaint is attached hereto as Exhibit 2. The Summons and Complaint attached to this notice of removal constitute all process, pleadings and orders served in the State Court Action.

3. <u>Federal Question Jurisdiction</u>. Fireside Bank is entitled to remove the State Court Action on the ground that this Court has original jurisdiction of this case pursuant to 28 U.S.C. § 1331 and it is an action which may be removed to this Court pursuant to 28 U.S.C. § 1441(b) because it is a civil action arising under laws of the United States, including 15 U.S.C. 1601, et seq., ("Fair Debt Collection Practices Act").

WHEREFORE, Fireside Bank prays that the State Court Action be removed from state court to this Court and that this Court assume jurisdiction over the action and determine it on the merits

DATED: July 30, 2006

SEVERSON & WERSON
A Professional Corporation

By: _____
MARK LONERGAN
Attorneys for Defendant
Fireside Bank

# EXHIBIT 1

2:47 PM

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FIRESIDE THRIFT COMPANY, a.k.a. FIRESIDE BANK; DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BILLIE J. SMITH

*5711855*

FILED
ALAMEDA COUNTY
JUN 2 8 2007
CLERK OF THE SUPERIOR COURT
By _____ Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is: RENE C. DAVIDSON
*(El nombre y dirección de la corte es):*
1225 Fallon St. room 109
1225 Fallon ST., RM 109
Oakland                CA      94612

CASE NUMBER: RG07333184

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Andrew W. Shalaby (sbn 206841)    510-528-8500
7525 Leviston Ave, El Cerrito, CA 94530
Tel. 510-528-8500, fax 510-528-2412

DATE: JUN 2 8 2007    PAT S. SWEETEN Clerk, by Dasha Perry, Deputy
*(Fecha)*                          *(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Fireside Thrift Company, aka Fireside Bank
   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**    CEB    Code of Civil Procedure §§ 412.20, 465

# EXHIBIT 2

Andrew W. Shalaby [SBN 206841]
7525 Leviston Ave
El Cerrito, CA 94530
tel. 510-528-8500, fax 510-528-2412

Attorney for Plaintiff Billie J. Smith

ENDORSED
ALAMEDA COUNTY
JUN 28 2007
CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF ALAMEDA
UNLIMITED JURISDICTION

BILLIE J. SMITH,

Plaintiff,

vs.

FIRESIDE THRIFT COMPANY, a.k.a. FIRESIDE BANK; DOES 1-50,

Defendants.

Case No.: RG07333184

**COMPLAINT FOR UNFAIR DEBT COLLECTION PRACTICES; ABUSE OF PROCESS; BREACH OF CONTRACT; UNFAIR BUSINESS PRACTICES**

**DEMAND FOR JURY TRIAL**

## GENERAL ALLEGATIONS

1. Plaintiff, BILLIE J. SMITH (hereinafter "Plaintiff"), is an individual whom had purchased a brand new automobile in or about the year 1999, a 1998 NISSAN (hereinafter "SUBJECT VEHICLE"), which she had financed through defendant FIRESIDE THRIFT CO. at that time.

2. Defendant, FIRESIDE THRIFT COMPANY, a.k.a. FIRESIDE BANK (hereinafter "FTC") was a loan company incorporated under the laws of the State of California, whom at all times relevant herein maintained an office located at 5050 Hopyard suite #200, in Pleasanton, California, with an apparent headquarters located at 300 S Harbor Blvd., Ste. 100, Anaheim CA, and whom had extended financing for PLAINTIFF's purchase of the SUBJECT VEHICLE approximately in the year 1999.

3. The true names and capacities, whether individual, corporate, associate or otherwise of Defendants sued herein as DOES 1 through 50 inclusive, are unknown

INITIAL COMPLAINT                    1                    Case Number

to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will seek leave of the court to amend this complaint when the true names and capacities have been ascertained.

## SPECIFIC ALLEGATIONS
## (FACTS)

Plaintiff incorporates by reference all of the general allegations set forth above, and pleads as her SPECIFIC ALLEGATIONS upon which her claims are asserted as follows:

4. Approximately in the year 1999 PLAINTIFF purchased a brand new automobile, a 1998 Nissan (model unknown at this time), from an automobile dealership. She financed approximately $12,000 to $16,000 from FTC at that time. The loan was secured by the SUBJECT VEHICLE in a typical fashion, with FTC holding title to the SUBJECT VEHICLE until the loan would be paid off in full.

5. Some time between the years 1999 and 2003 PLAINTIFF grew very ill, ultimately discovering she had terminal cancer. Approximately in the year 2003 PLAINTIFF was too ill to keep the automobile and unable to make payments thereon, therefore she delivered the automobile to a dealership in Richmond, California, and advised FTC that she was unable to make the payments and that the car was delivered to the dealership for prompt repossession. Shortly thereafter PLAINTIFF purchased a burial plot and made final arrangements for her passing. However, PLAINTIFF did not pass away, and is alive today, though still has cancer and is quite unwell.

6. PLAINTIFF alleges that she suffered a period of legal incompetence from approximately the year 2003 to approximately the year 2006 due to her illness and fight with cancer.

7. Unbeknownst to PLAINTIFF, FTC filed a lawsuit against her in Contra Costa County on August 15, 2003, through the law firm of <u>NELSON & KENNARD, 1425 RIVER PARK DRIVE, STE. 540, SACRAMENTO, CALIFORNIA</u> (attorney Robert Scott Kennard, tel. 916-920-2295). According to the court's docket, a default

Judgment was entered on March 1, 2004 in the amount of $12,121.30 (est.) in favor of FTC.

8. PLAINTIFF alleges that she was never served, and was never sub-served in relation to the above-described action, and first learned of the Judgment upon a wage garnishment perhaps in the year 2006. PLAINTIFF has a modest wage earning through her job with "Accent Care," a facility apparently providing health care services for the elderly, and PLAINTIFF believes that presently her wages are being garnished by FTC pursuant to the above-described default Judgment.[1]

9. Because PLAINTIFF is unwell, much of the information obtained in relation to this action was obtained directly by her counsel through communications with FTC, primarily with one DANE WILLIAMS, located at FTC's Pleasanton office (tel. 866-381-7701 x 55624). On May 3, 2007 Mr. Williams advised PLAINTIFF's counsel that the account number was 5009004253. On May 9, 2007 PLAINTIFF's counsel spoke with one NEIL BUNSLAGE at FTC's Pleasanton office (866-381-7701 x 48834), at which time PLAINTIFF's counsel made a second request that the proof of service of the above-described action be provided to him so he may ascertain if PLAINTIFF had been served in the year 2003 or 2004. Both Mr. Williams and Mr. Bunslage advised PLAINTIFF's counsel on May 3, 2007 and May 9, 2007 respectively that they located the proof of service and would be faxing it to him, but never provided the document. On May 9, 2007 Mr. Bunslage advised PLAINTIFF's counsel that FTC's legal counsel, one KURT JAENIKE, had been fully advised of the fact that PLAINTIFF was alleging she had not been served, and further, that PLAINTIFF was inquiring as to what happened to the SUBJECT VEHICLE and why

---

[1] Plaintiff's job apparently was to take care of elderly individuals in some capacity, a job which she may have been performing while suffering a mental impairment rendering her legally incompetent as to her ability to understand certain matters requiring mental focus. Her incompetence appears to have no significance but is pleaded to preserve the record, as it may be necessary to seek a conservatorship at some point in the future. At this time PLAINTIFF's counsel believes PLAINTIFF is sufficiently competent to understand the nature of this action and pursue her claims.

INITIAL COMPLAINT                    3                    Case Number RG07333184

there was no offset by way of sale of the vehicle, and told PLAINTIFF's counsel to contact Mr. Jaenike. On May 9, 2007 PLAINTIFF's counsel contacted Mr. Jaenike (866-381-7701 x 55611, fax 925-730-3559) and was told by Mr. Jaenike that no one at FTC ever advised him of any aspect of this matter. The proof of service was never provided to PLAINTIFF's counsel.

10. On May 8, 2007 PLAINTIFF's counsel spoke with Mr. Dane Williams regarding the matter, and was told by Mr. Williams that one "Mr. Montrage" had pulled the documents and proof of service, and further advised PLAINTIFF's counsel that FTC never took possession of the SUBJECT VEHICLE and made a deliberate election to forego all efforts to repossess the vehicle, instead electing to file suit against PLAINTIFF to obtain a Judgment for the full amount of the outstanding loan balance. Mr. Williams further advised PLAINTIFF's counsel that FTC had no idea what happened to the vehicle.

11. PLAINTIFF alleges that the SUBJECT VEHICLE was in perfect condition at the time she delivered it to the dealership for repossession. There was no sale of the vehicle, and no offset of the amount owed FTC under the contract between PLAINTIFF and FTC.

12. PLAINTIFF believes and alleges that the finance contract between FTC and PLAINTIFF mandated the repossession and sale of the subject property in the event of a default, and further, that FTC breached the agreement outright and never even attempted to fulfill this condition precedent to seeking a monetary Judgment. PLAINTIFF further believes and alleges that the contract between herself and FTC did not provide FTC with a right to seek a deficiency Judgment.

13. PLAINTIFF does not know what happened to the SUBJECT VEHICLE and does not know whether or not FTC ever repossessed and sold it. However, based on FTC's representation, PLAINTIFF believes and alleges that FTC made no effort to repossess the vehicle and intentionally elected to disavow its contractual obligation to repossess and try to sell the SUBJECT VEHICLE before looking to her for a

deficiency Judgment, and further, FTC had no right at law to seek a deficiency Judgment, yet alone a Judgment for the full outstanding loan balance on grounds that it made no effort to repossess and sell the vehicle.

**FIRST CAUSE OF ACTION FOR CALIFORNIA'S UNFAIR DEBT COLLECTION PRACTICES ACT**

Plaintiff incorporates by reference all of the general allegations and factual recitals contained above, and pleads as and for a FIRST cause of action, based on information and belief, as follows:

14. FTC owed PLAINTIFF a STATUTORY DUTY to pursue collection of the outstanding loan balance pursuant to FTC's contract with PLAINTIFF described above in a fair and equitable manner consistent with its duties under said loan contract, in compliance with the ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, California Civil Code section 1788 et seq., and all other related California Statutes imposed to assure fair practices in the collection of debts owed by purchasers and consumers.

15. PLAINTIFF and FTC entered into a written contract by which FTC was required to repossess and sell the SUBJECT VEHICLE in the event of a default, and further, whereby it was either expressly stated in the contract or otherwise implied that FTC could not seek a deficiency Judgment or any Judgment against PLAINTIFF at all unless it first tried to sell the vehicle after repossession. Whether or not FTC could seek a deficiency Judgment at all is uncertain and shall be ascertained through discovery.

16. FTC breached its statutory duties owed PLAINTIFF by failing to make any effort whatsoever to repossess the SUBJECT VEHICLE, by failing to sell the SUBJECT VEHICLE to offset and/or pay off the remaining loan balance, and further, by seeking a deficiency Judgment against PLAINTIFF in breach of the express and/or implied terms of the loan agreement.

WHEREFORE, PLAINTIFF prays for damages to recompense her for all

---

| INITIAL COMPLAINT | 5 | Case Number RG07333184 |

monies collected through wage garnishment, all costs and reasonable attorney's fees, all damages suffered as a result of FTC's above-described wrongful conduct, punitive damages to deter FTC from continuing with its above-described wrongful conduct, and such other and further relief as the Court deems proper.

### SECOND CAUSE OF ACTION FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff incorporates by reference all of the general allegations and factual recitals contained above, and pleads as and for a SECOND cause of action, based on information and belief, as follows:

17. FTC owed PLAINTIFF a STATUTORY DUTY to pursue collection of the outstanding loan balance pursuant to FTC's contract with PLAINTIFF described above in a fair and equitable manner consistent with its duties under said loan contract, in compliance with the FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1601 et seq., and all other related FEDERAL Statutes imposed to assure fair practices in the collection of debts owed by purchasers and consumers.

18. PLAINTIFF and FTC entered into a written contract by which FTC was required to repossess and sell the SUBJECT VEHICLE in the event of a default, and further, whereby it was either expressly stated in the contract or otherwise implied that FTC could not seek a deficiency Judgment or any Judgment against PLAINTIFF at all unless it first tried to sell the vehicle after repossession. Whether or not FTC could seek a deficiency Judgment at all is uncertain and shall be ascertained through discovery.

19.. FTC breached its statutory duties owed PLAINTIFF by failing to make any effort whatsoever to repossess the SUBJECT VEHICLE, by failing to sell the SUBJECT VEHICLE to offset and/or pay off the remaining loan balance, and further, by seeking a deficiency Judgment against PLAINTIFF in breach of the express and/or implied terms of the loan agreement.

WHEREFORE, PLAINTIFF prays for damages to recompense her for all monies collected through wage garnishment, all costs and reasonable attorney's fees, all damages suffered as a result of FTC's above-described wrongful conduct, punitive damages to deter FTC from continuing with its above-described wrongful conduct, and such other and further relief as the Court deems proper.

### THIRD CAUSE OF ACTION FOR ABUSE OF PROCESS

Plaintiff incorporates by reference all of the general allegations and factual recitals contained above, and pleads as and for a THIRD cause of action, based on information and belief, as follows:

20. California's Statutory Scheme for securing a default Judgment against a defendant was enacted to assure compliance with Constitutional Due Process requirements, most fundamentally, with regard to service of process. A summons and Complaint in California must be served personally upon defendant, and/or may be served by substituted service.

21. PLAINTIFF alleges that she was never personally served with any Summons or Complaint in relation to the above-described default Judgment FTC obtained against her. Moreover, PLAINTIFF believes and alleges that she was never even served by way of substituted service pursuant to California law.

22. PLAINTIFF properly investigated whether or not FTC alleges or otherwise claims that she had ever been properly served with the summons and Complaint in relation to the above-described default Judgment, and FTC refused to provide proof that she had been properly served.

23. PLAINTIFF is informed and believes, and on the basis of belief alleges, that FTC unlawfully represented to the Contra Costa County Superior Court that PLAINTIFF had been lawfully served with the above-described summons and Complaint when in fact she was never served, and further, that based on FTC's false representation to the Court, FTC obtained the above-described default Judgment against PLAINTIFF.

24. California law mandates the existence of a valid, lawfully obtained Judgment, as a prerequisite for obtaining a writ of execution and garnishing wages. PLAINTIFF alleges that the default Judgment obtained by FTC against her was obtained unlawfully, and further, that FTC was aware it had obtained the default Judgment unlawfully. PLAINTIFF further alleges that FTC's execution of a Writ of Execution and subsequent wage garnishment was the product of a fraud perpetrated upon the Court and constituted an abuse of process. PLAINTIFF further made a diligent attempt to obtain the Proof of Service in relation to the above-described default Judgment from FTC, but after FTC advised her counsel it would provide the document, FTC refused to do so.

25. PLAINTIFF alleges that FTC's obtaining a default Judgment against her based on improper service of the Summons and Complaint when in fact the documents were never lawfully served upon her, and FTC's obtaining a writ of execution and garnishing her wages based on the improperly obtained default Judgment, constitute an actionable abuse of process.

WHEREFORE, PLAINTIFF prays for damages to recompense her for all monies collected through wage garnishment, all costs and reasonable attorney's fees, all damages suffered as a result of FTC's above-described wrongful conduct, punitive damages to deter FTC from continuing with its above-described wrongful conduct, and such other and further relief as the Court deems proper.

**FOURTH CAUSE OF ACTION FOR BREACH OF CONTRACT**

Plaintiff incorporates by reference all of the general allegations and factual recitals contained above, and pleads as and for a FOURTH cause of action, based on information and belief, as follows:

26. PLAINTIFF and FTC entered into a written contract by which FTC was required to repossess and sell the SUBJECT VEHICLE in the event of a default, and further, whereby it was either expressly stated in the contract or otherwise implied that FTC could not seek a deficiency Judgment or any Judgment against PLAINTIFF at

INITIAL COMPLAINT    8    Case Number RG07333184

1 all unless it first tried to sell the vehicle after repossession.

2     27.   PLAINTIFF was required to repay the loan under the Contract, but the
3 contract further provided terms and conditions in the event of a default. The terms
4 and conditions in the event of a default, which PLAINTIFF believes and alleges were
5 written in the contract and/or implied by the security instrument in the SUBJECT
6 VEHICLE, called for repossession and the sale of the SUBJECT VEHICLE in the
7 event of non-payment by PLAINTIFF. Whether or not FTC could seek a deficiency
8 Judgment at all is uncertain and shall be ascertained through discovery.

9     28.   PLAINTIFF does not have a copy of the above-described contract, and
10 PLAINTIFF's counsel requested a copy from FTC in May 2007 before filing this
11 action. FTC's representatives told PLAINTIFF's counsel they would provide the
12 contract, but have refused to do so, therefore FTC has presented no evidence to
13 PLAINTIFF to refute the above-described terms and conditions of the contract.

14     29.   PLAINTIFF performed her duties under the above-described contract
15 except where she was otherwise lawfully excused from doing so. To the extent that
16 PLAINTIFF admits she was not able to make the loan payments, she met her
17 contractual obligations by availing the SUBJECT VEHICLE for repossession
18 pursuant to contract.

19     30.   FTC breached its contractual obligations owed to PLAINTIFF by
20 refusing to repossess the vehicle despite the fact that the vehicle was in excellent
21 condition, and by suing her for the full loan balance without attempting to sell the
22 vehicle to offset or satisfy the debt owed.

23     WHEREFORE, PLAINTIFF prays for damages to recompense her for all
24 monies collected through wage garnishment obtained in breach of contract, all
25 damages suffered as a result of FTC's above-described breach of contract, all costs
26 and reasonable attorney's fees, and such other and further relief as the Court deems
27 proper.
28 ///

---

INITIAL COMPLAINT          9          Case Number RG07333184

**FIFTH CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES**

Plaintiff incorporates by reference all of the general allegations and factual recitals contained above, and pleads as and for a FIFTH cause of action, based on information and belief, as follows:

31. FTC apparently has a business practice whereby it intentionally disregards the terms and conditions of its loan agreements with regard to automobile finance loans, specifically whereby it elects not to repossess a vehicle secured by the FTC loan, and proceeds to obtain a Judgment against the borrower for the entire loan amount without offset by way of the sale of the SUBJECT VEHICLE, as in this instance.

32. Even had FTC's contractual terms expressly given it the right to elect not to repossess and sell the SUBJECT VEHICLE, which PLAINTIFF alleges was not the case here, because FTC is aware that most or all borrowers would understand that FTC's holding of the title to the SUBJECT VEHICLE as security until full repayment of the loan was intended as a contractual security mandating repossession and sale of the subject property absent evidence that the SUBJECT VEHICLE was not otherwise available for repossession or capable of being sold, it would nevertheless be unlawful and unfair for FTC to intentionally elect not to repossess and sell the SUBJECT VEHICLE and simply seek a Judgment for the full balance from the borrower. It is further unlawful and unfair for FTC to neglect its duty to repossess and sell the SUBJECT VEHICLE because the borrower cannot sell the vehicle, since the borrower does not have title thereto.

33. In this instance, FTC apparently made no effort to even ascertain the condition of the vehicle, which PLAINTIFF alleges was in perfect condition and highly marketable and capable of satisfying the majority, if not all, of the balance of the loan. Instead, based on FTC's own direct representations, FTC apparently let the vehicle get impounded (presumably), and simply proceeded with a lawsuit against PLAINTIFF for the full outstanding loan balance. On this basis, PLAINTIFF alleges

1 | FTC's above-described business practice (paragraphs 31 and 32) constitutes an
2 | UNLAWFUL BUSINESS PRACTICE actionable under Bus. & Prof. Code § 17200
3 | et seq. and seeks relief as set forth below.
4 |     34.   PLAINTIFF further alleges that FTC's business practice of seeking
5 | default Judgments without proper service of the summons and Complaint, should the
6 | evidence prove that this is indeed what happened, constitute an additional ground for
7 | FTC's liability for Unfair Business Practices under Bus. & Prof. Code § 17200 et seq.
8 |     WHEREFORE, PLAINTIFF prays for damages to recompense her for all
9 | monies collected through wage garnishment, all costs and reasonable attorney's fees
10 | pursuant to Cal. Code Civ. Proc. § 1021.5, all damages suffered as a result of FTC's
11 | above-described wrongful conduct, punitive damages to deter FTC from continuing
12 | with its above-described wrongful conduct, and such other and further relief as the
13 | Court deems proper.
14 |
15 |
16 | Dated: June 29, 2007
17 |
        Andrew W. Shalaby, Attorney for
        Plaintiff Billie J. Smith

**INITIAL COMPLAINT**         11        **Case Number RG07333184**

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of San Francisco, California; my business address is Severson & Werson, One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

On the date below I served a copy, with all exhibits, of the following document(s):

**NOTICE OF REMOVAL (FEDERAL QUESTION JURISDICTION)**
**FIRESIDE'S DEMAND FOR JURY TRIAL**
**NOTICE OF INTERESTED PARTIES**
**CIVIL COVER SHEET**

on all interested parties in said case addressed as follows:

| | |
|---|---|
| Andrew Shalaby, Esq. | Tel: (510) 528-8500 |
| 7525 Leviston Ave. | Fax: (510) 528-2412 |
| El Cerrito, CA 94530 | Attorney for Plaintiff Billie J. Smith |

☒ **(BY MAIL)** By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Francisco, California in sealed envelopes with postage fully prepaid.

☐ **(BY HAND)** By placing the documents in an envelope or package addressed to the persons listed above and providing them to a professional messenger service for delivery.

☐ **(BY (1) FEDERAL EXPRESS OR (2) EXPRESS MAIL)**

(1) By depositing copies of the above documents in a box or other facility regularly maintained by Federal Express with delivery fees paid or provided for; or

(2) By placing the above documents in the United States mail for Express Mail delivery at One Embarcadero Center, Suite 2600, San Francisco, CA 94111, in a sealed envelope addressed as above, with Express Mail postage thereon fully prepaid.

☐ **(BY FAX)** By use of facsimile machine telephone number (415) 956-0439, I faxed a true copy to the addressee(s) listed above at the facsimile number(s) noted after the party's address. The transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. This declaration is executed in San Francisco, California, on July 30, 2007.

Valerie Stevenson