MARK D. LONERGAN (State Bar No. 143622)
MARK I. WRAIGHT (State Bar No. 228303)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
mdl@severson.com
miw@severson.com

Attorneys for Defendant
FIRESIDE THRIFT BANK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BILLIE J. SMITH, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FIRESIDE THRIFT COMPANY, a.k.a. FIRESIDE BANK, and DOES 1-50,<br><br>Defendants. | Case No.: C 07-03883 WHA<br><br>**FIRESIDE'S NOTICE OF MOTION AND MOTION TO STRIKE (CCP § 425.16) AND REQUEST FOR ATTORNEY'S FEES AND COSTS**<br><br>Date:  September 13, 2007<br>Time:  8:00 AM<br>Room:  9, 19th Floor<br>Judge:  William H. Alsup |

**TO BILLIE J. SMITH AND HER ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that on September 13, 2007, at 8:00 AM, or as soon thereafter as the matter may be heard in Courtroom 9, 19th Floor, of this Court, located at 1301 Clay Street, Suite 400 S, Oakland, CA 94612-5212, defendant Fireside Bank will move pursuant to California Code of Civil Procedure § 425.16 to strike the third ("Abuse of Process") and fifth ("Unfair Business Practices") causes of action of the Complaint on file herein on the ground that those causes of action arise out of defendant's exercise of its right to free speech and right

- i -

to petition, in connection with an issue of public interest, and that it is not probable that plaintiff will prevail on those claims.

This motion will be based upon this Notice, the attached Memorandum of Points and Authorities, the Request for Judicial Notice, and the records and files in this action.

### STATEMENT OF ISSUES TO BE DECIDED

Should Plaintiff's third and fifth causes of action be stricken pursuant to California Code of Civil Procedure § 425.16 (California's "anti-SLAPP" statute)?

DATED: August __1__, 2007

SEVERSON & WERSON
A Professional Corporation

By: _____
MARK D. LONERGAN
Attorneys for Defendant
Fireside Bank

# I.

## INTRODUCTION AND SUMMARY OF ARGUMENT

This is a Special Motion to Strike plaintiff's causes of action against Fireside Bank for abuse of process and unfair business practices. This motion is made pursuant to California Code of Civil Procedure § 425.16 (California's "anti-SLAPP" statute).

Plaintiff filed this lawsuit against Fireside Bank for allegedly obtaining and enforcing a default judgment by filing a false proof of service in an underlying action, (Superior Court of California, Contra Costa County, Case No. WS03-2036). Plaintiff has alleged five causes of action against Fireside Bank. Two of plaintiff's causes of action—abuse of process and unfair business practices—are subject to a "special motion to strike" because they are based on Fireside's constitutionally protected free speech and right to petition. Plaintiff will be unable to meet the anti-SLAPP statute's heavy burden of establishing a probability of prevailing on the merits because Fireside's actions of obtaining and enforcing the default judgment are immune from tort liability under California's litigation privilege. Cal. Civ. Code § 47. The California Supreme Court has concluded that the litigation privilege protects the acts of obtaining a default judgment and enforcing the judgment where the gravamen of a tort claim is the filing of a "false" declaration of service and wrongful execution of levy of plaintiff's property. See *Rusheen v. Cohen*, 37 Cal.4th 1048 (2006). For these reasons, plaintiff's third and fifth causes of action must be stricken, and an order awarding Fireside it attorney's fees should be granted.

# II.

## ALL CAUSES OF ACTION BASED ON PROTECTED FREE SPEECH ARE SUBJECT TO A SPECIAL MOTION TO STRIKE

California Code of Civil Procedure § 425.16 (the anti-SLAPP statute -- "Strategic Lawsuits Against Public Participation") was enacted to address the

- 1 -

problems created by lawsuits brought to harass those who exercise their constitutional rights of free speech and petition.[1] *Mann v. Quality Old Time Service, Inc.*, 120 Cal.App.4th 90, 106 (2004). "California enacted section 425.16 to provide a procedural remedy to resolve such a suit expeditiously." *Church of Scientology v. Wollersheim*, 42 Cal.App.4th 628, 645 (1996). The anti-SLAPP statute is to be construed broadly and its protection granted liberally to speech or activity that comes within its purview. Cal. Code Civ. Proc., § 425.16(a); *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal.4th 1106, 1119-1122 (1999).

California Code of Civil Procedure § 425.16(b)(1) provides that a special motion to strike any cause of action:

> ... against a person **arising from any act of that person in furtherance of the person's right of petition or free speech** under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim. (emphasis added)

The statute goes on to define an "act in furtherance of a person's right of petition or free speech" to include:

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law;
>
> (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other

---

[1] California's anti-SLAPP statute applies in federal court. Courts applying the anti-SLAPP statute have held its particular provisions to be "substantive" for purposes of the *Erie* doctrine. *United States v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir.1999) ("We also conclude that the twin purposes of the Erie rule—'discouragement of forum-shopping and avoidance of inequitable administration of the law'--favor application of California's Anti-SLAPP statute in federal cases."); see also *Dealertrack, Inc. v. Huber*, 460 F.Supp.2d 1177, 1180 (C.D.Cal. 2006) ("California's statute attacking Strategic Lawsuits Against Public Participation ('Anti-SLAPP statute') at California Code of Civil Procedure § 425.16 applies in federal court."); see also *Batzel v. Smith*, 333 F3d 1018, 1025–1026 (9th Cir. 2003).

- 2 -

official proceeding authorized by law;

(3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest;

(4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest. Cal. Code Civ. Proc. § 425.16(e).

Preliminarily, Fireside Bank is a "person" for purposes of § 425.16(b)(1). *Mattell, Inc. v. Luce, Forward, Hamilton & Scripps*, 99 Cal.App.4th 1179, 1188 (2002) ("The term 'person' includes a corporation.")

A defendant moving to strike a cause of action under § 425.16 has the initial burden of "making a prima facie showing that the statute applies" to the cause of action in dispute. *Wilcox v. Sup. Ct.*, 27 Cal.App.4th 809, 819 (1994). To satisfy this burden, a defendant need only show that the cause of action "arises from" the defendant's protected free speech or petitioning activity. *Navellier v. Sletten*, 29 Cal.4th 82, 89(2002) ("In the anti-SLAPP context, the critical consideration is whether the cause of action is based on the defendant's protected free speech or petitioning activity.")

Once the defendant makes a prima facie showing that the cause of action is based on defendant's protected free speech or petitioning activity, the burden shifts to the plaintiff to establish a probability that she will prevail on the merits of the challenged claim. *Fashion 21 v. Chirla*, 117 Cal.App.4th 1138 (2004).

> Under the SLAPP statute, after the defendant establishes the plaintiff's cause of action arises from the defendant's exercise of the right of petition or free speech the burden shifts to the plaintiff to "establish [ ] that there is a probability that the plaintiff will prevail on the claim."
> *Id.*, at 1145, quoting Cal. Code Civ. Proc. § 425.16(a)(3).

To establish a probability of prevailing on the merits of her claim, the plaintiff is required to demonstrate both (1) that the complaint is "legally sufficient," and (2) that it "is supported by a sufficient prima facie showing of facts

to sustain a favorable judgment if the evidence submitted is credited." *Navellier v. Sletten*, 29 Cal.4th at 88-89 (2002).

Importantly, "the plaintiff 'cannot simply rely on the allegations in the complaint' ... but 'must provide the court with sufficient evidence to permit the court to determine whether "there is a probability that the plaintiff will prevail on the claim."' *Traditional Cat Assn, Inc. v. Gilbreath*, 118 Cal.App.4th 392, 398 (2004).

The plaintiff's burden of producing "competent admissible evidence" to establish the probability of prevailing on the merits is tested by the same standard governing motions for summary judgment. *Church of Scientology of California v. Wollersheim*, 42 Cal.App.4th at 654

In addition, "the court can also consider a defendant's opposing evidence to determine whether it defeats a plaintiff's case as a matter of law." *Traditional Cat Assn, Inc. v. Gilbreath*, 118 Cal.App.4th at 398.

If a plaintiff fails to satisfy the weighty burden of showing a reasonable probability of prevailing on the merits of the challenged cause of action, the action must be stricken. Cal. Civ. Code § 425.16(b).

## III.
## PLAINTIFF'S THIRD CAUSE OF ACTION FOR ABUSE OF PROCESS SHOULD BE STRICKEN

### A. Plaintiff's Cause of Action for Abuse of Process is Based on Defendant's Protected Free Speech and Right to Petition

Actions by a debtor against a creditor for abuse of process arising from the creditor's filing of a collection action are based on protected speech and are subject to special motions to strike under the anti-SLAPP statute. *Rusheen v. Cohen*, 37 Cal.4th at 1056.; see also *Yu v. Signet Bank/Virginia*, 103 Cal.App.4th 298, 316 (2002).

Plaintiff's complaint alleges that in August of 2003, Fireside filed a collection action against her for monies owed to Fireside from her purchase of a car. (Request for Judicial Notice, Exhibit A, Complaint, ¶¶ 4-7.) Plaintiff alleges that in March of 2004, a default judgment was entered against her and Fireside took steps to enforce the judgment by garnishing her wages. (Request for Judicial Notice, Exhibit A, Complaint, ¶¶ 7-8.) Plaintiff goes on to allege that Fireside's collection efforts were an "abuse of process" because Fireside never served her with the Summons or Complaint:

> 21. PLAINTIFF alleges that she was never personally served with any Summons or Complaint in relation to the above described default Judgment FTC obtained against her. Moreover, PLAINTIFF believes and alleges that she was never ever served by way of substituted service pursuant to California law. (Exhibit A, Complaint)

As a matter of law, Fireside's conduct in pursing the underlying collection lawsuit, obtaining a default judgment after nine months, and obtaining a writ of execution are all examples of acts of free speech and of the right to petition. *Rusheen v. Cohen* (2006) 37 Cal.4th at 1056. ("'Any act' [under § 425.16] includes communicative conduct such as the filing, funding, and prosecution of a civil action.") See also *Church of Scientology v. Wollersheim*, 42 Cal.App.4th at 648. ("A cause of action 'arising from' defendant's litigation activity may appropriately be the subject of a section 425.16 motion to strike.")

On the face of plaintiff's complaint alone, then, Fireside easily satisfies its initial burden of making a threshold showing that plaintiff's cause of action is based on protected speech.

**B.  There is no Probability that Plaintiff Will Prevail on its Cause of Action for Abuse of Process Because Fireside's Actions are Immune from Tort Liability Under California's Litigation Privilege**

- 5 -

"The common law tort of abuse of process arises when one uses the court's process for a purpose other than that for which the process was designed." *Rusheen v. Cohen*, 37 Cal.4th at 1056. Plaintiff has zero probability of prevailing on the merits of her claim because California's litigation privilege (Cal. Civ. Code § 47) is an absolute bar to liability.

Section 47 provides that "[a] privileged publication or broadcast is one made ... [i]n any ... judicial proceeding."[2] California Courts applying § 47 have held that communications made in relation to a judicial proceeding, at any stage in the proceeding, are immune from tort liability:

> The usual formulation is that the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action. [Citations.]" (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 212, 266 Cal.Rptr. 638, 786 P.2d 365 (*Silberg*).) **Thus, "communications with 'some relation' to judicial proceedings" are "absolutely immune from tort liability" by the litigation privilege** (*Rubin v. Green* (1993) 4 Cal.4th 1187, 1193, 17 Cal.Rptr.2d 828, 847 P.2d 1044 (*Rubin*)). It is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto, or afterwards. (emphasis added) *Rusheen v. Cohen*, 37 Cal.4th at 1057.

In fact, the privilege created by § 47 is so expansive and absolute that even a plaintiff who files and prosecutes a lawsuit for an improper purpose cannot be

---

[2] It is noteworthy that § 425.16 subsection (e)(1) ("any written or oral statement or writing made before a legislative, executive, or judicial proceeding") is coextensive with § 47 subsection (b). *Ruiz v. Harbor View Community Ass'n*, 134 Cal.App.4th 1456, 1466, fn.3 (2005). In fact, the litigation privilege of §47 has been used as an aid in determining whether a given communication is protected speech falling within the scope of the anti-SLAPP statute. *Flatley v. Mauro*, 39 Cal.4th 299, 322-323. ("There is, of course, a relationship between the litigation privilege and the anti-SLAPP statute. Past decisions of this court and the Court of Appeal have looked to the litigation privilege as an aid in construing the scope of subdivision (e)(1) and (2) with respect to the first step of the two-step anti-SLAPP inquiry--that is, by examining the scope of the litigation privilege to determine whether a given communication falls within the ambit of subdivisions (e)(1) and (2).")

subject to liability for abuse of process. *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.*, 42 Cal.3d 1157, 1169 (1986). See also *Contemporary Services Corp. v. Staff Pro Inc.*, 61 Cal.Rptr.3d 434, 448 (2007). ("Plaintiffs' abuse of process claim is based on the allegation defendants 'misused the litigation process by filing a frivolous lawsuit against [p]laintiffs.' Plaintiffs have therefore failed to carry their burden of a probability of success with regard to the abuse of process claim.")

Here, plaintiff alleges no such improper purpose, only that she wasn't properly served with the complaint and summons in the underlying case.

In a recent California Supreme Court case involving nearly identical facts, the Court held that the litigation privilege protects a creditor's acts of obtaining and enforcing a default judgment where the gravamen of the debtor-plaintiff's abuse of process claim is the filing of a "false" declaration of service. In granting the defendant's anti-SLAPP motion, the Court explained that,

> On close analysis, the gravamen of the action was not the levying act, but the procurement of the judgment based on the use of allegedly perjured declarations of service. Because these declarations were communications "(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action" [citation] **the litigation privilege applies to the declarations and protects against torts arising from the privileged declarations**. (emphasis added) *Rusheen v. Cohen*, 37 Cal.4th at 1062.

\* \* \* \* \*

> **Thus, the enforcement of the judgment in reliance on the filing of privileged declarations of service was itself privileged.** Because the trial court correctly found that there was no reasonable probability Rusheen's abuse of process claim would prevail on the ground Cohen's allegedly wrongful conduct was privileged (Civ.Code § 47, subd. (b)), it **properly granted the anti-SLAPP motion** (Code Civ. Proc., § 425.16), struck the cross-complaint against Cohen, and entered judgment in his favor. (emphasis added) *Id.* at 1065.

-7-

The holding of *Rusheen* was followed in a second (unreported) case involving facts identical to this case. In *Chiu v. Collectronics, Inc.* 2006 WL 2979392 *11, the appellate court held that defendant's anti-SLAPP motion to strike plaintiffs' causes of action for abuse of process and unfair business practices arising from defendants' acts obtaining and enforcing a default judgment should have been granted. The Court emphasizes that defendants' actions were entitled to absolute immunity from tort claims under §47. ("In sum, the alleged wrongdoing of Collectronics is privileged under Civil Code section 47. Accordingly, Chiu and Seelye could not establish a reasonable probability of prevailing on their claims, and Collectronics' motion to strike under section 425.16 should have been granted.")

Therefore, because Fireside's act of obtaining and enforcing a default judgment are constitutionally protected free speech, and because those same acts are immune from tort liability under the litigation privilege of § 47, plaintiff's third cause of action for abuse of process must be stricken.

## IV.

## PLAINTIFF'S FIFTH CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES SHOULD BE STRICKEN

### A. Plaintiff's Cause of Action for Unfair Business Practices is Based on Defendant's Protected Free Speech

Like her action for abuse of process, plaintiff's cause of action for unfair business practices is based on Fireside's exercise of free speech and its right to petition. Likewise, then, this claim is subject to a special motion to strike under the California anti-SLAPP statute.

The core of plaintiff's fifth cause of action is that Fireside obtained and enforced the default judgment against her without regard to due process:

> 34. PLAINTIFF further alleges that FTC's business practice of seeking default Judgments without proper service of the summon and Complaint, should the

>evidence prove that this is indeed what happened, constitute an additional ground for FTC's liability for Unfair Business Practices under Bus. & Prof. Code § 17200 et seq. (Request for Judicial Notice, Exhibit A, Complaint.)

As explained above, all actions taken in furtherance of filing and prosecuting of a lawsuit—including filing a declaration or proof of service—are types of protected "SLAPP" speech. (See Section III.A, *supra*.)

### B. There is no Probability that Plaintiff Will Prevail on its Cause of Action for Unfair Business Practices Because Fireside's Actions are Immune from Tort Liability Under California's Litigation Privilege

The analysis with respect to plaintiff's fifth cause of action tracks the analysis for her third cause of action. The fact that plaintiff has applied a different label to her claim is not material. The unfair business practices claim is based on the same privileged conduct alleged in the abuse of process claim. Specifically, plaintiff alleges that Fireside has violated California Business & Professions Code § 17200 by "seeking default Judgments without proper service of the summons and Complaint." Where conduct falls within the litigation privilege of § 47, such conduct is absolutely immune from civil tort liability no matter what label a plaintiff uses—including unfair business practices. Plaintiff cannot "plead around" the privilege.

>As noted, the conduct of defendants alleged in the complaint is clearly communicative and otherwise within the scope of section 47(b). It is thus absolutely immune from civil tort liability, including plaintiff's interference with contract and related claims. To permit the same communicative acts to be the subject of an injunctive relief proceeding brought by this same plaintiff under the unfair competition statute undermines that immunity. If the policies underlying section 47(b) are sufficiently strong to support an absolute privilege, the resulting immunity should not evaporate merely because the plaintiff discovers a conveniently different label for pleading what is in substance an identical grievance

- 9 -

arising from identical conduct as that protected by section 47(b). *Rubin v. Green*, 4 Cal.4th 1187, 1202-03 (1993).

The gravamen of plaintiff's cause of action for unfair business practices involves acts protected by the California litigation privilege. Because those acts (including the filing of the proof of service) are immune from tort liability, plaintiff will never meet her burden of establishing a probability of prevailing on the merits. Therefore, plaintiff's fifth cause of action for unfair business practices must be stricken.

## V.

## FIRESIDE IS ENTITLED TO ITS ATTORNEY'S FEES

Section 425.16(c) provides that "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." After the court grant's Fireside's motion to strike plaintiff's third and fifth causes of action, Fireside will file a separate motion seeking its reasonable attorney's fees and costs.

## VI.

## CONCLUSION

Fireside has easily met its burden of establishing that plaintiff's challenged causes of action are based on Fireside's free speech and right to petition. Moreover, it is impossible for plaintiff to meet her burden of establishing a reasonable probability that she will prevail on the merits—both of the challenged causes of action are based on communicative acts immune from tort liability under California Civil Code § 47. Therefore, Fireside respectfully requests that this Court grant this motion, strike plaintiff's third and fifth causes of action, and enter an appropriate award for attorney's fees.

1
2  DATED: August ___, 2007                    SEVERSON & WERSON
3                                             A Professional Corporation
4
5                                             By: /s/ Mark D. Lonergan
                                                  MARK D. LONERGAN
6                                                 Attorneys for Defendant
                                                  Fireside Bank
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of San Francisco, California; my business address is Severson & Werson, One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

On the date below I served a copy, with all exhibits, of the following document(s):

**FIRESIDE'S NOTICE OF MOTION AND MOTION TO STRIKE (CCP § 425.16) AND REQUEST FOR ATTORNEY'S FEES AND COSTS**

on all interested parties in said case addressed as follows:

| | |
|---|---|
| Andrew Shalaby, Esq. | Tel: (510) 528-8500 |
| 7525 Leviston Ave. | Fax: (510) 528-2412 |
| El Cerrito, CA 94530 | Attorney for Plaintiff Billie J. Smith |

☒ **(BY MAIL)** By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Francisco, California in sealed envelopes with postage fully prepaid.

☐ **(BY HAND)** By placing the documents in an envelope or package addressed to the persons listed above and providing them to a professional messenger service for delivery.

☐ **(BY (1) FEDERAL EXPRESS OR (2) EXPRESS MAIL)**

(1) By depositing copies of the above documents in a box or other facility regularly maintained by Federal Express with delivery fees paid or provided for; or

(2) By placing the above documents in the United States mail for Express Mail delivery at One Embarcadero Center, Suite 2600, San Francisco, CA 94111, in a sealed envelope addressed as above, with Express Mail postage thereon fully prepaid.

☐ **(BY FAX)** By use of facsimile machine telephone number (415) 956-0439, I faxed a true copy to the addressee(s) listed above at the facsimile number(s) noted after the party's address. The transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. This declaration is executed in San Francisco, California, on August 1, 2007.

_____
Valerie Stevenson