1  MARK D. LONERGAN (State Bar No. 143622)
   MARK I. WRAIGHT (State Bar No. 228303)
2  SEVERSON & WERSON
   A Professional Corporation
3  One Embarcadero Center, Suite 2600
   San Francisco, CA 94111
4  Telephone:  (415) 398-3344
   Facsimile:  (415) 956-0439
5  mdl@severson.com
   miw@severson.com
6
   Attorneys for Defendant
7  FIRESIDE THRIFT BANK

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

12 BILLIE J. SMITH, an individual,        Case No.:  C 07-03883 WHA

13         Plaintiff,
                                          **FIRESIDE'S REQUEST FOR**
14    vs.                                 **JUDICIAL NOTICE IN**
                                          **SUPPORT OF MOTION TO**
15 FIRESIDE THRIFT COMPANY, a.k.a.        **STRIKE (CCP § 425.16) AND**
   FIRESIDE BANK, and DOES 1-50,          **REQUEST FOR ATTORNEY'S**
16                                        **FEES AND COSTS**
           Defendants.
17                                        Date:      September 13, 2007
                                          Time:      8:00 AM
18                                        Room:      9, 19th Floor
                                          Judge:     William H. Alsup
19

20

21        Defendant, FIRESIDE BANK hereby requests the Court to take judicial

22 notice of the following records pursuant to Federal Rule of Evidence 201 in support

23 of its motion to strike under California Code of Civil Procedure § 425.16:

24        1.    Plaintiff's Complaint, filed June 28, 2007, in the Alameda County

25 Superior Court, attached as Exhibit A.

26 ///

27 ///

28 ///

                                    - 1 -

1    DATED:  August ___1___, 2007

2

3                                          SEVERSON & WERSON
                                           A Professional Corporation
4

5                                          By: _____
                                                MARK D. LONERGAN
6                                               Attorneys for Defendant
                                                Fireside Bank
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

1

CERTIFICATE OF SERVICE

2      I, the undersigned, declare that I am over the age of 18 and am not a party to
this action. I am employed in the City of San Francisco, California; my business
3   address is Severson & Werson, One Embarcadero Center, Suite 2600, San
Francisco, CA 94111.

4

5      On the date below I served a copy, with all exhibits, of the following
document(s):

6

**FIRESIDE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF**
7   **MOTION TO STRIKE (CCP § 425.16) AND REQUEST FOR**
**ATTORNEY'S FEES AND COSTS**

8

9   on all interested parties in said case addressed as follows:

Andrew Shalaby, Esq.          Tel: (510) 528-8500
10   7525 Leviston Ave.            Fax: (510) 528-2412
El Cerrito, CA 94530          Attorney for Plaintiff Billie J. Smith

11

☒ **(BY MAIL)** By placing the envelope for collection and mailing following our
12   ordinary business practices. I am readily familiar with the firm's practice of
collecting and processing correspondence for mailing. On the same day that
13   correspondence is placed for collection and mailing, it is deposited in the ordinary
course of business with the United States Postal Service in San Francisco,
14   California in sealed envelopes with postage fully prepaid.

15   ☐ **(BY HAND)** By placing the documents in an envelope or package addressed to
the persons listed above and providing them to a professional messenger service for
16   delivery.

17   ☐ **(BY (1) FEDERAL EXPRESS OR (2) EXPRESS MAIL)**

18      (1) By depositing copies of the above documents in a box or other facility
regularly maintained by Federal Express with delivery fees paid or provided for; or
19

      (2) By placing the above documents in the United States mail for Express
20   Mail delivery at One Embarcadero Center, Suite 2600, San Francisco, CA 94111,
in a sealed envelope addressed as above, with Express Mail postage thereon fully
21   prepaid.

22   ☐ **(BY FAX)** By use of facsimile machine telephone number (415) 956-0439, I
faxed a true copy to the addressee(s) listed above at the facsimile number(s) noted
23   after the party's address. The transmission was reported as complete and without
error.

24

      I declare under penalty of perjury under the laws of the United States of
25   America that the foregoing is true and correct. I declare that I am employed in the
office of a member of the Bar of this Court at whose direction the service was
26   made. This declaration is executed in San Francisco, California, on August 1,
2007.

27

28                                         _____
                                           Valerie Stevenson

# EXHIBIT A

Andrew W. Shalaby [SBN 206841]
7525 Leviston Ave
El Cerrito, CA 94530
tel. 510-528-8500, fax 510-528-2412

Attorney for Plaintiff Billie J. Smith

ENDORSED
ALAMEDA COUNTY

JUN 2 8 2007

CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF ALAMEDA
UNLIMITED JURISDICTION

| | |
|---|---|
| BILLIE J. SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>FIRESIDE THRIFT COMPANY, a.k.a.<br>FIRESIDE BANK; DOES 1-50,<br><br>Defendants. | Case No: RG 07333184<br><br>**COMPLAINT FOR UNFAIR DEBT COLLECTION PRACTICES; ABUSE OF PROCESS; BREACH OF CONTRACT; UNFAIR BUSINESS PRACTICES**<br><br>**DEMAND FOR JURY TRIAL** |

## GENERAL ALLEGATIONS

1.    Plaintiff, BILLIE J. SMITH (hereinafter "Plaintiff"), is an individual whom had purchased a brand new automobile in or about the year 1999, a 1998 NISSAN (hereinafter "SUBJECT VEHICLE"), which she had financed through defendant FIRESIDE THRIFT CO. at that time.

2.    Defendant, FIRESIDE THRIFT COMPANY, a.k.a. FIRESIDE BANK (hereinafter "FTC") was a loan company incorporated under the laws of the State of California, whom at all times relevant herein maintained an office located at 5050 Hopyard suite #200, in Pleasanton, California, with an apparent headquarters located at 300 S Harbor Blvd., Ste. 100, Anaheim CA, and whom had extended financing for PLAINTIFF's purchase of the SUBJECT VEHICLE approximately in the year 1999.

3.    The true names and capacities, whether individual, corporate, associate or otherwise of Defendants sued herein as DOES 1 through 50 inclusive, are unknown

INITIAL COMPLAINT                    1                    Case Number

1   to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff
2   will seek leave of the court to amend this complaint when the true names and
3   capacities have been ascertained.

### SPECIFIC ALLEGATIONS
### (FACTS)

Plaintiff incorporates by reference all of the general allegations set forth above, and pleads as her SPECIFIC ALLEGATIONS upon which her claims are asserted as follows:

4.      Approximately in the year 1999 PLAINTIFF purchased a brand new automobile, a 1998 Nissan (model unknown at this time), from an automobile dealership. She financed approximately $12,000 to $16,000 from FTC at that time. The loan was secured by the SUBJECT VEHICLE in a typical fashion, with FTC holding title to the SUBJECT VEHICLE until the loan would be paid off in full.

5.      Some time between the years 1999 and 2003 PLAINTIFF grew very ill, ultimately discovering she had terminal cancer. Approximately in the year 2003 PLAINTIFF was too ill to keep the automobile and unable to make payments thereon, therefore she delivered the automobile to a dealership in Richmond, California, and advised FTC that she was unable to make the payments and that the car was delivered to the dealership for prompt repossession. Shortly thereafter PLAINTIFF purchased a burial plot and made final arrangements for her passing. However, PLAINTIFF did not pass away, and is alive today, though still has cancer and is quite unwell.

6.      PLAINTIFF alleges that she suffered a period of legal incompetence from approximately the year 2003 to approximately the year 2006 due to her illness and fight with cancer.

7.      Unbeknownst to PLAINTIFF, FTC filed a lawsuit against her in Contra Costa County on August 15, 2003, through the law firm of NELSON & KENNARD, 1425 RIVER PARK DRIVE, STE. 540, SACRAMENTO, CALIFORNIA (attorney Robert Scott Kennard, tel. 916-920-2295). According to the court's docket, a default

---

**INITIAL COMPLAINT**                    2                    **Case Number RG07333184**

1   Judgment was entered on March 1, 2004 in the amount of $12,121.30 (est.) in favor

2   of FTC.

3       8.    PLAINTIFF alleges that she was never served, and was never sub-served

4   in relation to the above-described action, and first learned of the Judgment upon a

5   wage garnishment perhaps in the year 2006. PLAINTIFF has a modest wage earning

6   through her job with "Accent Care," a facility apparently providing health care

7   services for the elderly, and PLAINTIFF believes that presently her wages are being

8   garnished by FTC pursuant to the above-described default Judgment.[1]

9       9.    Because PLAINTIFF is unwell, much of the information obtained in

10  relation to this action was obtained directly by her counsel through communications

11  with FTC, primarily with one DANE WILLIAMS, located at FTC's Pleasanton office

12  (tel. 866-381-7701 x 55624). On May 3, 2007 Mr. Williams advised PLAINTIFF's

13  counsel that the account number was 5009004253. On May 9, 2007 PLAINTIFF's

14  counsel spoke with one NEIL BUNSLAGE at FTC's Pleasanton office (866-381-7701

15  x 48834), at which time PLAINTIFF's counsel made a second request that the proof

16  of service of the above-described action be provided to him so he may ascertain if

17  PLAINTIFF had been served in the year 2003 or 2004. Both Mr. Williams and Mr.

18  Bunslage advised PLAINTIFF's counsel on May 3, 2007 and May 9, 2007

19  respectively that they located the proof of service and would be faxing it to him, but

20  never provided the document. On May 9, 2007 Mr. Bunslage advised PLAINTIFF's

21  counsel that FTC's legal counsel, one KURT JAENIKE, had been fully advised of the

22  fact that PLAINTIFF was alleging she had not been served, and further, that

23  PLAINTIFF was inquiring as to what happened to the SUBJECT VEHICLE and why

24

25  [1]Plaintiff's job apparently was to take care of elderly individuals in some capacity, a job
    which she may have been performing while suffering a mental impairment rendering her legally
26  incompetent as to her ability to understand certain matters requiring mental focus.   Her
    incompetence appears to have no significance but is pleaded to preserve the record, as it may be
27  necessary to seek a conservatorship at some point in the future. At this time PLAINTIFF's
    counsel believes PLAINTIFF is sufficiently competent to understand the nature of this action and
28  pursue her claims.

INITIAL COMPLAINT            3            Case Number RG07333184

1   there was no offset by way of sale of the vehicle, and told PLAINTIFF's counsel to

2   contact Mr. Jaenike. On May 9, 2007 PLAINTIFF's counsel contacted Mr. Jaenike

3   (866-381-7701 x 55611, fax 925-730-3559) and was told by Mr. Jaenike that no one

4   at FTC ever advised him of any aspect of this matter.   The proof of service was never

5   provided to PLAINTIFF's counsel.

6        10.    On May 8 , 2007 PLAINTIFF's counsel spoke with Mr. Dane Williams

7   regarding the matter, and was told by Mr. Williams that one "Mr. Montrage" had

8   pulled the documents and proof of service, and further advised PLAINTIFF's counsel

9   that FTC never took possession of the SUBJECT VEHICLE and made a deliberate

10  election to forego all efforts to repossess the vehicle, instead electing to file suit

11  against PLAINTIFF to obtain a Judgment for the full amount of the outstanding loan

12  balance. Mr. Williams further advised PLAINTIFF's counsel that FTC had no idea

13  what happened to the vehicle.

14       11.    PLAINTIFF alleges that the SUBJECT VEHICLE was in perfect

15  condition at the time she delivered it to the dealership for repossession. There was no

16  sale of the vehicle, and no offset of the amount owed FTC under the contract between

17  PLAINTIFF and FTC.

18       12.    PLAINTIFF believes and alleges that the finance contract between FTC

19  and PLAINTIFF mandated the repossession and sale of the subject property in the

20  event of a default, and further, that FTC breached the agreement outright and never

21  even attempted to fulfill this condition precedent to seeking a monetary Judgment.

22  PLAINTIFF further believes and alleges that the contract between herself and FTC

23  did not provide FTC with a right to seek a deficiency Judgment.

24       13.    PLAINTIFF does not know what happened to the SUBJECT VEHICLE

25  and does not know whether or not FTC ever repossessed and sold it. However, based

26  on FTC's representation, PLAINTIFF believes and alleges that FTC made no effort

27  to repossess the vehicle and intentionally elected to disavow its contractual obligation

28  to repossess and try to sell the SUBJECT VEHICLE before looking to her for a

1  deficiency Judgment, and further, FTC had no right at law to seek a deficiency

2  Judgment, yet alone a Judgment for the full outstanding loan balance on grounds that

3  it made no effort to repossess and sell the vehicle.

4  **FIRST CAUSE OF ACTION FOR CALIFORNIA'S UNFAIR**
   **DEBT COLLECTION PRACTICES ACT**

5

6  Plaintiff incorporates by reference all of the general allegations and factual

   recitals contained above, and pleads as and for a FIRST cause of action, based on

7
   information and belief, as follows:

8
9      14.    FTC owed PLAINTIFF a STATUTORY DUTY to pursue collection of

10  the outstanding loan balance pursuant to FTC's contract with PLAINTIFF described

11  above in a fair and equitable manner consistent with its duties under said loan

12  contract, in compliance with the ROSENTHAL FAIR DEBT COLLECTION

13  PRACTICES ACT, California Civil Code section 1788 et seq., and all other related

14  California Statutes imposed to assure fair practices in the collection of debts owed by

15  purchasers and consumers.

16     15.    PLAINTIFF and FTC entered into a written contract by which FTC was

17  required to repossess and sell the SUBJECT VEHICLE in the event of a default, and

18  further, whereby it was either expressly stated in the contract or otherwise implied that

19  FTC could not seek a deficiency Judgment or any Judgment against PLAINTIFF at

20  all unless it first tried to sell the vehicle after repossession. Whether or not FTC could

21  seek a deficiency Judgment at all is uncertain and shall be ascertained through

22  discovery.

23     16.    FTC breached its statutory duties owed PLAINTIFF by failing to make

24  any effort whatsoever to repossess the SUBJECT VEHICLE, by failing to sell the

25  SUBJECT VEHICLE to offset and/or pay off the remaining loan balance, and further,

26  by seeking a deficiency Judgment against PLAINTIFF in breach of the express and/or

27  implied terms of the loan agreement.

28     WHEREFORE, PLAINTIFF prays for damages to recompense her for all

---

**INITIAL COMPLAINT**                5                **Case Number RG07333184**

1  monies collected through wage garnishment, all costs and reasonable attorney's fees,
2  all damages suffered as a result of FTC's above-described wrongful conduct, punitive
3  damages to deter FTC from continuing with its above-described wrongful conduct,
4  and such other and further relief as the Court deems proper.

**SECOND CAUSE OF ACTION FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**

Plaintiff incorporates by reference all of the general allegations and factual recitals contained above, and pleads as and for a SECOND cause of action, based on information and belief, as follows:

17.  FTC owed PLAINTIFF a STATUTORY DUTY to pursue collection of the outstanding loan balance pursuant to FTC's contract with PLAINTIFF described above in a fair and equitable manner consistent with its duties under said loan contract, in compliance with the FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1601 et seq., and all other related FEDERAL Statutes imposed to assure fair practices in the collection of debts owed by purchasers and consumers.

18.  PLAINTIFF and FTC entered into a written contract by which FTC was required to repossess and sell the SUBJECT VEHICLE in the event of a default, and further, whereby it was either expressly stated in the contract or otherwise implied that FTC could not seek a deficiency Judgment or any Judgment against PLAINTIFF at all unless it first tried to sell the vehicle after repossession. Whether or not FTC could seek a deficiency Judgment at all is uncertain and shall be ascertained through discovery.

19.  FTC breached its statutory duties owed PLAINTIFF by failing to make any effort whatsoever to repossess the SUBJECT VEHICLE, by failing to sell the SUBJECT VEHICLE to offset and/or pay off the remaining loan balance, and further, by seeking a deficiency Judgment against PLAINTIFF in breach of the express and/or implied terms of the loan agreement.

---

**INITIAL COMPLAINT**                    6                    **Case Number RG07333184**

1    WHEREFORE, PLAINTIFF prays for damages to recompense her for all
2  monies collected through wage garnishment, all costs and reasonable attorney's fees,
3  all damages suffered as a result of FTC's above-described wrongful conduct, punitive
4.  damages to deter FTC from continuing with its above-described wrongful conduct,
5  and such other and further relief as the Court deems proper.

6              **THIRD CAUSE OF ACTION FOR ABUSE OF PROCESS**

7       Plaintiff incorporates by reference all of the general allegations and factual
8  recitals contained above, and pleads as and for a THIRD cause of action, based on
9  information and belief, as follows:

10       20.    California's Statutory Scheme for securing a default Judgment against
11  a defendant was enacted to assure compliance with Constitutional Due Process
12  requirements, most fundamentally, with regard to service of process. A summons and
13  Complaint in California must be served personally upon defendant, and/or may be
14  served by substituted service.

15       21.    PLAINTIFF alleges that she was never personally served with any
16  Summons or Complaint in relation to the above-described default Judgment FTC
17  obtained against her. Moreover, PLAINTIFF believes and alleges that she was never
18  even served by way of substituted service pursuant to California law.

19       22.    PLAINTIFF properly investigated whether or not FTC alleges or
20  otherwise claims that she had ever been properly served with the summons and
21  Complaint in relation to the above-described default Judgment, and FTC refused to
22  provide proof that she had been properly served.

23       23.    PLAINTIFF is informed and believes, and on the basis of belief alleges,
24  that FTC unlawfully represented to the Contra Costa County Superior Court that
25  PLAINTIFF had been lawfully served with the above-described summons and
26  Complaint when in fact she was never served, and further, that based on FTC's false
27  representation to the Court, FTC obtained the above-described default Judgment
28  against PLAINTIFF.

---

**INITIAL COMPLAINT**                          7                    **Case Number RG07333184**

24.    California law mandates the existence of a valid, lawfully obtained Judgment, as a prerequisite for obtaining a writ of execution and garnishing wages. PLAINTIFF alleges that the default Judgment obtained by FTC against her was obtained unlawfully, and further, that FTC was aware it had obtained the default Judgment unlawfully. PLAINTIFF further alleges that FTC's execution of a Writ of Execution and subsequent wage garnishment was the product of a fraud perpetrated upon the Court and constituted an abuse of process. PLAINTIFF further made a diligent attempt to obtain the Proof of Service in relation to the above-described default Judgment from FTC, but after FTC advised her counsel it would provide the document, FTC refused to do so.

25.    PLAINTIFF alleges that FTC's obtaining a default Judgment against her based on improper service of the Summons and Complaint when in fact the documents were never lawfully served upon her, and FTC's obtaining a writ of execution and garnishing her wages based on the improperly obtained default Judgment, constitute an actionable abuse of process.

WHEREFORE, PLAINTIFF prays for damages to recompense her for all monies collected through wage garnishment, all costs and reasonable attorney's fees, all damages suffered as a result of FTC's above-described wrongful conduct, punitive damages to deter FTC from continuing with its above-described wrongful conduct, and such other and further relief as the Court deems proper.

**FOURTH CAUSE OF ACTION FOR BREACH OF CONTRACT**

Plaintiff incorporates by reference all of the general allegations and factual recitals contained above, and pleads as and for a FOURTH cause of action, based on information and belief, as follows:

26.    PLAINTIFF and FTC entered into a written contract by which FTC was required to repossess and sell the SUBJECT VEHICLE in the event of a default, and further, whereby it was either expressly stated in the contract or otherwise implied that FTC could not seek a deficiency Judgment or any Judgment against PLAINTIFF at

1  all unless it first tried to sell the vehicle after repossession.

2      27.    PLAINTIFF was required to repay the loan under the Contract, but the

3  contract further provided terms and conditions in the event of a default.  The terms

4  and conditions in the event of a default, which PLAINTIFF believes and alleges were

5  written in the contract and/or implied by the security instrument in the SUBJECT

6  VEHICLE, called for repossession and the sale of the SUBJECT VEHICLE in the

7  event of non-payment by PLAINTIFF.  Whether or not FTC could seek a deficiency

8  Judgment at all is uncertain and shall be ascertained through discovery.

9      28.    PLAINTIFF does not have a copy of the above-described contract, and

10  PLAINTIFF's counsel requested a copy from FTC in May 2007 before filing this

11  action.  FTC's representatives told PLAINTIFF's counsel they would provide the

12  contract, but have refused to do so, therefore FTC has presented no evidence to

13  PLAINTIFF to refute the above-described terms and conditions of the contract.

14      29.    PLAINTIFF performed her duties under the above-described contract

15  except where she was otherwise lawfully excused from doing so.  To the extent that

16  PLAINTIFF admits she was not able to make the loan payments, she met her

17  contractual obligations by availing the SUBJECT VEHICLE for repossession

18  pursuant to contract.

19      30.    FTC breached its contractual obligations owed to PLAINTIFF by

20  refusing to repossess the vehicle despite the fact that the vehicle was in excellent

21  condition, and by suing her for the full loan balance without attempting to sell the

22  vehicle to offset or satisfy the debt owed.

23      WHEREFORE, PLAINTIFF prays for damages to recompense her for all

24  monies collected through wage garnishment obtained in breach of contract,  all

25  damages suffered as a result of FTC's above-described breach of contract, all costs

26  and reasonable attorney's fees, and such other and further relief as the Court deems

27  proper.

28  ///

---

**INITIAL COMPLAINT**                        9                        **Case Number RG07333184**

**FIFTH CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES**

2      Plaintiff incorporates by reference all of the general allegations and factual

3  recitals contained above, and pleads as and for a FIFTH cause of action, based on

4  information and belief, as follows:

5      31.   FTC apparently has a business practice whereby it intentionally

6  disregards the terms and conditions of its loan agreements with regard to automobile

7  finance loans, specifically whereby it elects not to repossess a vehicle secured by the

8  FTC loan, and proceeds to obtain a Judgment against the borrower for the entire loan

9  amount without offset by way of the sale of the SUBJECT VEHICLE, as in this

10  instance.

11      32.   Even had FTC's contractual terms expressly given it the right to elect not

12  to repossess and sell the SUBJECT VEHICLE, which PLAINTIFF alleges was not the

13  case here, because FTC is aware that most or all borrowers would understand that

14  FTC's holding of the title to the SUBJECT VEHICLE as security until full repayment

15  of the loan was intended as a contractual security mandating repossession and sale of

16  the subject property absent evidence that the SUBJECT VEHICLE was not otherwise

17  available for repossession or capable of being sold, it would nevertheless be unlawful

18  and unfair for FTC to intentionally elect not to repossess and sell the SUBJECT

19  VEHICLE and simply seek a Judgment for the full balance from the borrower.  It is

20  further unlawful and unfair for FTC to neglect its duty to repossess and sell the

21  SUBJECT VEHICLE because the borrower cannot sell the vehicle, since the borrower

22  does not have title thereto.

23      33.   In this instance, FTC apparently made no effort to even ascertain the

24  condition of the vehicle, which PLAINTIFF alleges was in perfect condition and

25  highly marketable and capable of satisfying the majority, if not all, of the balance of

26  the loan.  Instead, based on FTC's own direct representations, FTC apparently let the

27  vehicle get impounded (presumably), and simply proceeded with a lawsuit against

28  PLAINTIFF for the full outstanding loan balance.  On this basis, PLAINTIFF alleges

---

**INITIAL COMPLAINT**                 10                 **Case Number RG07333184**

1    FTC's above-described business practice (paragraphs 31 and 32) constitutes an

2    UNLAWFUL BUSINESS PRACTICE actionable under Bus. & Prof. Code § 17200

3    et seq. and seeks relief as set forth below.

4         34.    PLAINTIFF further alleges that FTC's business practice of seeking

5    default Judgments without proper service of the summons and Complaint, should the

6    evidence prove that this is indeed what happened, constitute an additional ground for

7    FTC's liability for Unfair Business Practices under Bus. & Prof. Code § 17200 et seq.

8         WHEREFORE, PLAINTIFF prays for damages to recompense her for all

9    monies collected through wage garnishment, all costs and reasonable attorney's fees

10   pursuant to Cal. Code Civ. Proc. § 1021.5, all damages suffered as a result of FTC's

11   above-described wrongful conduct, punitive damages to deter FTC from continuing

12   with its above-described wrongful conduct, and such other and further relief as the

13   Court deems proper.

14

15

16   Dated:  June 29, 2007

17                                                    Andrew  W.  Shalaby,  Attorney  for
                                                      Plaintiff Billie J. Smith

18

19

20

21

22

23

24

25

26

27

28

| INITIAL COMPLAINT | 11 | Case Number RG07333184 |