Andrew W. Shalaby [SBN 206841]
7525 Leviston Ave
El Cerrito, CA 94530
tel. 510-528-8500, fax 510-528-2412

Attorney for Plaintiff Billie J. Smith

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| BILLIE J. SMITH,<br><br>                    Plaintiff,<br><br>vs.<br><br>FIRESIDE THRIFT COMPANY, a.k.a. FIRESIDE BANK, and DOES 1-50,<br><br>                    Defendants. | Case No. C 07-03883 WHA<br><br>Date: September 13, 2007<br>Time: 8:00 a.m.<br>Rm. 9, 19th Floor<br>Judge: William H. Alsup |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO DEFENDANT'S SPECIAL MOTION TO STRIKE AND REQUEST FOR ATTORNEY'S FEES AND COSTS**

**TABLE OF CONTENTS**

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 2 -

FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 3 -

I.   DESCRIPTION OF THE ANTI-SLAPP STATUTE . . . . . . . . . . . . . . . . . . . . . - 6 -

II.   THE ABUSE OF PROCESS CLAIM DOES NOT ARISE IN RELATION TO ANY FIRST AMENDMENT ACTIVITY, THEREFORE IT IS NOT WITHIN THE PURVIEW OF CCP § 425.16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 8 -

III.   UNFAIR BUSINESS PRACTICES CLAIM ARISES OUT OF BREACH OF CONTRACT, NOT A FIRST AMENDMENT ACTIVITY . . . . . . . . . . . . . . . - 9 -

V.   THE MANDATORY FEE PROVISION OF CCP § 425.16 IS UNCONSTITUTIONAL BECAUSE IT CHILLS FIRST AMENDMENT RIGHTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 11 -

///

///

///

///

# TABLE OF AUTHORITIES

**CASES**

*Braun v. Chronicle Publishing Co.* (1997) 52 Cal.App.4th 1036 . . . . . . . . . . . . . . . . - 7 -

*Brenton v. Metabolife Intern., Inc.* 116 Cal.App.4th 679 . . . . . . . . . . . . . . . . . . . . . - 10 -

*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106 . . . . . . . . . . - 7 -

*Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628 . . . . . . . . . .   - 6 -, - 7 -

*Damon v. Ocean Hills Journalism Club* (2000) 85 Cal.App.4th 468 . . . . . . . . . . . . . . - 6 -

*Diamond v. Charles,* 476 U.S. at 62 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 2 -

*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53 . . . . . . . . . . . . . . - 6 -

*Kajima Engineering & Construction, Inc. v. City of Los Angeles* (2002) 95 Cal.App.4th 921 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 6 -

*Ketchum v. Moses* (2001) 24 Cal.4th 1122 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 11 -

*Lafayette Morehouse, Inc. v. Chronicle Publishing Co.* (1995) 37 Cal.App.4th 855  . - 8 -

*Navellier v. Sletten* 29 Cal.4th 82 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 11 -

Shalaby v. Freedman*,* No. 03-3358, 2003 WL 22416492 . . . . . . . . . . . . . . . . . . . . . . - 2 -

*Sipple v. Foundation for Nat. Progress* (1999) 71 Cal.App.4th 226 . . . . . . . . .   - 6 -, - 7 -

*Walker v. Kiousis* (2001) 93 Cal.App.4th 1432 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 12 -

*White v. Lieberman* (Oct. 29, 2002) 103 Cal.App.4th 210 . . . . . . . . . . . . . . . . . . . . - 12 -

**STATUTES**

Cal. Civil Code § 47.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 12 -

Cal. Code Civ. Proc. § 425.16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  - 2 --4 -, - 6 -, 12, -13 -

Cal. Code Civ. Proc. § 425.17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 3 -, - 9 --12 -

U.S. Const. Amendment 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 9 --13 -

U.S. Const. Amendment 14 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 13 -

**INTRODUCTION**

Plaintiff BILLIE. J. SMITH (hereinafter "Plaintiff") filed this suit in State Court on June 28, 2007 against FIRESIDE THRIFT COMPANY, a.k.a. FIRESIDE BANK (hereinafter "Defendant" or "FTC") seeking Judicial redress of her grievances in relation to alleged unfair debt collection practices, inter alia. FTC removed the action to Federal Court August 1, 2007. PLAINTIFF does not object to removal. FTC moves to strike PLAINTIFF's State law causes of action for abuse of process and unfair business practices, and seeks mandatory fees under California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16(c). PLAINTIFF's counsel, Andrew W. Shalaby, had himself challenged the constitutionality of subsection (c) of Cal. Code Civ. Proc. § 425.16 before Judge Breyer of this Court, in actions briefly summarized as follows:

Shalaby v. Jacobowitz, 2003 WL 1907664 (N.D. Cal.)

The Federal Court dismissed the action, primarily on grounds that defendant Ira Jacobowitz was a private party, and a private party could not defend the constitutionality of a State Statute, stating:

> Plaintiff raises a cognizable claim in asserting that section 425.16 unconstitutionally abridges the right to petition for redress, but the claim does not implicate Jacobowitz. Plaintiff, however, cannot bring his statutory overbreadth claim against Jacobowitz, a private party, because Jacobowitz does not have standing to defend the claim of constitutionality. A state has standing to defend the constitutionality of its statute. *See Diamond v. Charles,* 476 U.S. at 62. A private individual does not..

Shalaby v. Jacobowitz, 2003 WL 1907664 (N.D. Cal.), at 4.

Subsequently Judge Breyer explained (on October 24, 2003):

> The Court did not hold, as plaintiff claims, that a private party never has standing to defend the constitutionality of a state statute. Rather, the Court held that a private party is not a proper defendant to a claim making a facial overbreadth challenge to a state statute, that is, a challenge that does not arise out of any particular facts involving the private party.

Shalaby v. California and Shalaby v. Freedman:

Shalaby attempted two more times to challenge the constitutionality of subsection (c) of Cal. Code Civ. Proc. § 425.16 in Shalaby v. California and Shalaby v. Freedman, No.

---
**OPP. TO SLAPP MTN**                                    **Case No.** C 07-03883 WHA

- 1 -

03-3358, 2003 WL 22416492. The Court dismissed on Eleventh Amendment immunity grounds.

While challenging the constitutionality of subsection (c) of Cal. Code Civ. Proc. § 425.16 Shalaby worked with the legislature to amend the statute. His efforts, along with the efforts of others, were successful. In January 2003 the new Cal. Code Civ. Proc. § 425.17 was enacted, substantially as proposed, narrowing the scope and application of the anti-SLAPP statute, and now it no longer applies to actions such as this, as further explained below. Nevertheless, subsection (c) of Cal. Code Civ. Proc. § 425.16 remains unconstitutional on grounds not remedied by § 425.17 and should be declared unconstitutional in the course of determining this motion, as this appears to be the only possible circumstance under which the Court has jurisdiction and there are no issues of lack of standing. PLAINTIFF shall first establish that Cal. Code Civ. Proc. § 425.16 is inapplicable here, but nevertheless requests that he Court please rule upon the question of constitutionality of subsection (c) of Cal. Code Civ. Proc. § 425.16 presented below.

## FACTS

The factual allegations set forth herein are pleaded on PLAINTIFF's Complaint, but corrected slightly following review of a contract produced by FTC informally to PLAINTIFF on August 20, 2007. The facts are presented merely to describe the nature of the action.

Approximately January 29, 2000 PLAINTIFF purchased an automobile, a 1997 Nissan Sentra, from an automobile dealership. She financed approximately $11,828.38 FTC at that time. The loan was secured by the SUBJECT VEHICLE in a typical fashion, with FTC holding title to the SUBJECT VEHICLE until the loan would be paid off in full.

Some time between the years 2000 and 2003 PLAINTIFF grew very ill, ultimately discovering she had terminal cancer. Approximately in the year 2003 PLAINTIFF was too ill to keep the automobile and unable to make payments thereon, therefore she delivered the automobile to a dealership in Richmond, California, and advised FTC that she was unable to make the payments and that the car was delivered to the dealership for prompt

repossession. Shortly thereafter PLAINTIFF purchased a burial plot and made final arrangements for her passing. However, PLAINTIFF did not pass away, and is alive today, though still has cancer and is quite unwell.

PLAINTIFF alleges that she suffered a period of legal incompetence from approximately the year 2003 to approximately the year 2006 due to her illness and fight with cancer. Unbeknownst to PLAINTIFF, FTC filed a lawsuit against her in Contra Costa County on August 15, 2003. According to the court's docket, a default Judgment was entered on March 1, 2004 in the amount of $12,121.30 (est.) in favor of FTC.

PLAINTIFF alleges that she was never served, and was never sub-served in relation to the above-described action, and first learned of the Judgment upon a wage garnishment perhaps in the year 2006. (Please see Declaration of Billie Smith filed herewith.) PLAINTIFF has a modest wage earning through her job with "Accent Care," a facility apparently providing health care services for the elderly, and PLAINTIFF believes that presently her wages are being garnished by FTC pursuant to the above-described default Judgment.[1]

Because PLAINTIFF is unwell, much of the information obtained in relation to this action was obtained directly by her counsel through communications with FTC, primarily with one DANE WILLIAMS, located at FTC's Pleasanton office (tel. 866-381-7701 x 55624). On May 3, 2007 Mr. Williams advised PLAINTIFF's counsel that the account number was 5009004253. On May 9, 2007 PLAINTIFF's counsel spoke with one NEIL BUNSLAGE at FTC's Pleasanton office (866-381-7701 x 48834), at which time PLAINTIFF's counsel made a second request that the proof of service of the above-described

---

[1] Plaintiff's job apparently was to take care of elderly individuals in some capacity, a job which she may have been performing while suffering a mental impairment rendering her legally incompetent as to her ability to understand certain matters requiring mental focus. Her incompetence appears to have no significance but is pleaded to preserve the record, as it may be necessary to seek a conservatorship at some point in the future. At this time PLAINTIFF's counsel believes PLAINTIFF is sufficiently competent to understand the nature of this action and pursue her claims.

**OPP. TO SLAPP MTN**                                                                 **Case No.** C 07-03883 WHA
- 3 -

action be provided to him so he may ascertain if PLAINTIFF had been served in the year 2003 or 2004. Both Mr. Williams and Mr. Bunslage advised PLAINTIFF's counsel on May 3, 2007 and May 9, 2007 respectively that they located the proof of service and would be faxing it to him, but never provided the document. On May 9, 2007 Mr. Bunslage advised PLAINTIFF's counsel that FTC's legal counsel, one KURT JAENIKE, had been fully advised of the fact that PLAINTIFF was alleging she had not been served, and further, that PLAINTIFF was inquiring as to what happened to the SUBJECT VEHICLE and why there was no offset by way of sale of the vehicle, and told PLAINTIFF's counsel to contact Mr. Jaenike. On May 9, 2007 PLAINTIFF's counsel contacted Mr. Jaenike (866-381-7701 x 55611, fax 925-730-3559) and was told by Mr. Jaenike that no one at FTC ever advised him of any aspect of this matter. The proof of service was never provided to PLAINTIFF's counsel.

On May 8, 2007 PLAINTIFF's counsel spoke with Mr. Dane Williams regarding the matter, and was told by Mr. Williams that one "Mr. Montrage" had pulled the documents and proof of service, and further advised PLAINTIFF's counsel that FTC never took possession of the SUBJECT VEHICLE and made a deliberate election to forego all efforts to repossess the vehicle, instead electing to file suit against PLAINTIFF to obtain a Judgment for the full amount of the outstanding loan balance. Mr. Williams further advised PLAINTIFF's counsel that FTC had no idea what happened to the vehicle.

PLAINTIFF alleges that the SUBJECT VEHICLE was in perfect condition at the time she delivered it to the dealership for repossession. There was no sale of the vehicle, and no offset of the amount owed FTC under the contract between PLAINTIFF and FTC. PLAINTIFF believes and alleges that the finance contract between FTC and PLAINTIFF mandated the repossession and sale of the subject property in the event of a default, and further, that FTC breached the agreement outright and never even attempted to fulfill this condition precedent to seeking a monetary Judgment. PLAINTIFF further believes and alleges that the contract between herself and FTC did not provide FTC with a right to seek

1  a deficiency Judgment.  PLAINTIFF does not know what happened to the SUBJECT
2  VEHICLE and does not know whether or not FTC ever repossessed and sold it.  However,
3  based on FTC's representation, PLAINTIFF believes and alleges that FTC made no effort
4  to repossess the vehicle and intentionally elected to disavow its contractual obligation to
5  repossess and try to sell the SUBJECT VEHICLE before looking to her for a deficiency
6  Judgment, and further, FTC had no right at law to seek a deficiency Judgment, yet alone a
7  Judgment for the full outstanding loan balance on grounds that it made no effort to repossess
8  and sell the vehicle.  PLAINTIFF now seeks Judicial redress of her grievances.

## ARGUMENT

### I. DESCRIPTION OF THE ANTI-SLAPP STATUTE

Cal. Code Civ. Proc. § 425.16 was enacted in 1992 to provide a procedure for expeditiously resolving "nonmeritorious litigation meant to chill the valid exercise of the constitutional rights of freedom of speech and petition in connection with a public issue." (*Sipple v. Foundation for Nat. Progress* (1999) 71 Cal.App.4th 226, 235.) It is California's response to meritless lawsuits brought to harass or retaliate against those who have exercised these rights. (*Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628, 644, overruled on a different ground in *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 68, fn. 5.)  In 1997, the Legislature added a provision mandating that courts "broadly" construe this section to further the legislative goals of encouraging participation in matters of public significance and discouraging abuse of the judicial process. (*Damon v. Ocean Hills Journalism Club* (2000) 85 Cal.App.4th 468, 473.)  This type of suit, referred to under the acronym SLAPP, or strategic lawsuit against public participation, is generally brought to obtain an economic advantage over the defendant, not to vindicate a legally cognizable right of the plaintiff. (*Kajima Engineering & Construction, Inc. v. City of Los Angeles* (2002) 95 Cal.App.4th 921, 927.)  SLAPP plaintiffs do not intend to win their suits. Rather, these suits are filed solely to delay, distract, and punish citizens who have exercised their political rights. (*Ibid.*) Nevertheless, the plaintiff's primary purpose in bringing the suit

**OPP. TO SLAPP MTN**                                                                                   **Case No.** C 07-03883 WHA

1   is irrelevant. The anti-SLAPP statute does not require the court to explore the plaintiff's
2   subjective motivations before determining whether the anti-SLAPP statute is applicable.
3   (*Damon v. Ocean Hills Journalism Club, supra,* 85 Cal.App.4th at p. 480.)

4   When served with a SLAPP suit, the defendant may move to strike the complaint
5   under section 425.16. (*Damon v. Ocean Hills Journalism Club, supra,* 85 Cal.App.4th at p.
6   473.) To determine whether this motion should be granted, the court must engage in a
7   two-step process. First, the court decides whether the defendant has made an initial prima
8   facie showing that plaintiff's suit arises from an act in furtherance of the defendant's right of
9   petition or free speech in connection with a public issue. (*Braun v. Chronicle Publishing Co.*
10  (1997) 52 Cal.App.4th 1036, 1042- 1043.) A defendant can meet this burden by
11  demonstrating that the act underlying the plaintiff's cause arises from any statement or
12  writing made in, or in connection with an issue under consideration or review by, a
13  legislative, executive, judicial or other official proceeding or body. (§ 425.16, subd. (e);
14  *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1113.) As pertinent
15  here, the constitutional right to petition includes the basic act of filing litigation. (*Briggs v.
16  Eden Council for Hope & Opportunity, supra,* 19 Cal.4th at p. 1115.) Communications
17  preparatory to or in anticipation of the bringing of an action or other official proceeding are
18  within the protection of the litigation privilege of Civil Code section 47, subdivision (b), and
19  are equally entitled to the benefits of section 425.16 ( *id.* at p. 1115, 81 Cal.Rptr.2d 471, 969
20  P.2d.) There is no need to separately demonstrate the existence of a "public issue." (*Sipple
21  v. Foundation For Nat. Progress, supra,* 71 Cal.App.4th at p. 237.) If the court finds the
22  defendant has made the requisite showing, the burden shifts to the plaintiff to establish a
23  probability that it will prevail on the claim. (*Church of Scientology v. Wollersheim, supra,*
24  42 Cal.App.4th at p. 646.) In order to meet this burden, the plaintiff must make a prima facie
25  showing of facts based on competent admissible evidence that would, if proved, support a
26  judgment in the plaintiff's favor. (*Ibid.*) The trial court may also consider the defendant's
27  opposing evidence but only to determine if it defeats the plaintiff's showing as a matter of
28

**OPP. TO SLAPP MTN**                                           **Case No.** C 07-03883 WHA
- 6 -

1 law. (*Lafayette Morehouse, Inc. v. Chronicle Publishing Co.* (1995) 37 Cal.App.4th 855, 867.) In other words, the court does not weigh the evidence or make credibility determinations. (*Wilcox v. Superior Court, supra,* 27 Cal.App.4th at pp. 827- 828.)

### II. THE ABUSE OF PROCESS CLAIM DOES NOT ARISE IN RELATION TO ANY FIRST AMENDMENT ACTIVITY, THEREFORE IT IS NOT WITHIN THE PURVIEW OF CCP § 425.16

PLAINTIFF's abuse of process claim pleaded on page 7:6-8:20 does not arise out of FTC's filing of a lawsuit, and facially does not chill FTC's First Amendment right to petition for redress because it seeks effectively to return the parties to status quo ante prior to FTC's obtaining a default judgment against PLAINTIFF. However, perhaps PLAINTIFF is wrong, in which case PLAINTIFF has the burden of demonstrating a probability of success.

PLAINTIFF alleges that FTC essentially presented a fraudulent proof of service to the Court clerk and obtained a default judgment against her based on the fraudulent proof of service. It is the physical act of using an fraudulent proof of service, indeed signed under penalty of perjury, to obtain the default judgment, which is at issue rather than the filing of a lawsuit itself. There is no absolute privilege in this regard, as evidenced by Cal. Code Civ. Proc. § 128.7 and F.R.Civ.P. 11, both which prohibit presenting documents and pleadings to the Court which are devoid of a proper factual or legal basis for seeking relief. Moreover, a malicious prosecution action is yet another exception to the right to petition for redress. It is therefore clear that the abuse of process claim facially does not chill the right to petition for redress and does provide a basis for relief, indeed even if the basis is a good faith argument for modification or reversal of existing law.

Here, in the event that existing law does not permit a cause of action for abuse of process premised on obtaining a default judgment by way of a fraudulent proof of service, PLAINTIFF does seek modification and/or reversal of such existing law, and she has her own First Amendment right to petition for such relief. Striking her claim under Cal. Code Civ. Proc. § 425.16 abridges this right, but has no chilling effect. However, application of mandatory fees pursuant to subsection (c) of Cal. Code Civ. Proc. § 425.16 does chill this

right, and the provision is unconstitutional for the reasons discussed below.

### III. UNFAIR BUSINESS PRACTICES CLAIM ARISES OUT OF BREACH OF CONTRACT, NOT A FIRST AMENDMENT ACTIVITY

PLAINTIFF's Unfair Business Practices claim (Complaint pages 10-11) does not arise out of FTC's filing of a lawsuit. Rather, it arises out of FTC's business practice of disregarding the terms of its contract with regard to repossession and resale of the vehicle, and offsetting the loan balance, as alleged. The anti-SLAPP statute does not apply. However, as with the abuse of process action, should PLAINTIFF be mistaking, she presents a good faith argument for modification and/or reversal of any such existing law. On balance PLAINTIFF is confident the Court shall find that only a breach of contract has been alleged.

The language on paragraph 34 of the Complaint presents a different basis for relief however. PLAINTIFF believes FTC should not be permitted to maintain a *business practice* as such whereby it routinely presents [allegedly] fraudulent proofs of service in order to obtain default judgments. The same reasoning presented in relation to the abuse of process claim above applies, and if the litigation privilege does allow the use of a fraudulent proof of service with immunity from liability despite execution of the proof of service "under penalty of perjury" then PLAINTIFF does seek reversal and/or modification of any such existing law, and has her own First Amendment right to seek this relief.

### IV. CCP § 425.17 PREVENTS APPLICATION OF § 425.16 BECAUSE PLAINTIFF'S ACTION SEEKS RELIEF ON BEHALF OF THE GENERAL PUBLIC UNDER THE PRIVATE ATTORNEY GENERAL STATUTE, AND FTC IS IN THE BUSINESS OF SELLING LOANS

Cal. Code Civ. Proc. § 425.17 provides in relevant part:

(a) The Legislature finds and declares that there has been a disturbing abuse of Section 425.16, the California Anti-SLAPP Law, which has undermined the exercise of the constitutional rights of freedom of speech and petition for the redress of grievances, contrary to the purpose and intent of Section 425.16. The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process or Section 425.16.

(b) Section 425.16 does not apply to any action brought solely in the public interest or on behalf of the general public if all of the following conditions exist:

**OPP. TO SLAPP MTN**                                                          **Case No.** C 07-03883 WHA

(1) The plaintiff does not seek any relief greater than or different from the relief sought for the general public or a class of which the plaintiff is a member. A claim for attorney's fees, costs, or penalties does not constitute greater or different relief for purposes of this subdivision.

(2) The action, if successful, would enforce an important right affecting the public interest, and would confer a significant benefit, whether pecuniary or nonpecuniary, on the general public or a large class of persons.

(3) Private enforcement is necessary and places a disproportionate financial burden on the plaintiff in relation to the plaintiff's stake in the matter.

(c) Section 425.16 does not apply to any cause of action brought against a person primarily engaged in the business of selling or leasing goods or services, including, but not limited to, insurance, securities, or financial instruments, arising from any statement or conduct by that person if both of the following conditions exist:

(1) The statement or conduct consists of representations of fact about that person's or a business competitor's business operations, goods, or services, that is made for the purpose of obtaining approval for, promoting, or securing sales or leases of, or commercial transactions in, the person's goods or services, or the statement or conduct was made in the course of delivering the person's goods or services.

The 4th Dist. Court of Appeal held that a claim against a company in the business of selling financial instruments such as FTC cannot be characterized as a claim premised on First Amendment protected speech or conduct within the meaning of the anti-SLAPP statute, and when the allegations referring to arguably protected activity are only incidental to a cause of action based essentially on nonprotected activity, collateral allusions to protected activity should not subject the cause of action to the anti-SLAPP statute. *Brenton v. Metabolife Intern., Inc.* 116 Cal.App.4th 679, 686, 10 Cal.Rptr.3d 702, 707 (Cal.App. 4 Dist.,2004). Here PLAINTIFF seeks core relief under Bus. & Prof. Code § 17200, which applies California's private attorney general statute, Cal. Code Civ. Proc. § 1021.5, and the relief she seeks is on behalf of the general public. Her standing is required. She has standing because she was injured by FTC's business practices, and has brought suit and premised her standing on such injury. Section 425.16 does not apply to such an action pursuant to Cal. Code Civ. Proc. § 425.17(b) and (c) because the relief sought is on behalf of the general public, and secondarily, because and FTC is a commercial lending institution in the business of executing financial instruments such as the one underlying this action.

**OPP. TO SLAPP MTN**                                                          **Case No.** C 07-03883 WHA

**V. THE MANDATORY FEE PROVISION OF CCP § 425.16 IS UNCONSTITUTIONAL BECAUSE IT CHILLS FIRST AMENDMENT RIGHTS**

U.S. Const. Amendment 1 provides:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

The legislature as well as at least three of the California Supreme Court Justices have expressed concerns that Cal. Code Civ. Proc. § 425.16 may be unconstitutional. The legislature explains in subsection (a) of Cal. Code Civ. Proc. § 425.17:

> (a) The Legislature finds and declares that there has been a disturbing abuse of Section 425.16, the California Anti-SLAPP Law, which has undermined the exercise of the constitutional rights of freedom of speech and petition for the redress of grievances, contrary to the purpose and intent of Section 425.16. The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process or Section 425.16.

The CA Supreme Court was divided in *Navellier v. Sletten* 29 Cal.4th 82, 52 P.3d 703,714, 124 Cal.Rptr.2d 530,542 (Aug 29, 2002), as expressed in the three-Justice dissent:

> ...the majority appears willing to consider any suit a SLAPP, based largely on when it was filed. To the majority this is not problematic because courts will dismiss only meritless suits under the law. **But its presumptive application of section 425.16 will burden parties with meritorious claims and chill parties with nonfrivolous ones**. The cure has become the disease--SLAPP motions are now just the latest form of abusive litigation. (Emphasis added.)

Judge Breyer expressed in Shalaby v. Jacobowitz (supra): *"Plaintiff raises a cognizable claim in asserting that section 425.16 unconstitutionally abridges the right to petition for redress..."* In that action, § 425.16 was used to strike a case of first impression pertaining to attorney ghostwriting, and the plaintiff's First Amendment rights were chilled by application of hefty mandatory attorney's fees under subsection (c) of Cal. Code Civ. Proc. § 425.16. The fee provision is one-sided. Only a prevailing *defendant* is awarded *mandatory* fees, and often with a Lodestar enhancement *(Ketchum v. Moses* (2001)24 Cal.4th 1122). Mandatory fees are even awarded to the defendant on appeal if the plaintiff seeks redress in relation to a successful anti-SLAPP motion (*White v. Lieberman* (Oct. 29, 2002)

**OPP. TO SLAPP MTN**                                                        **Case No.** C 07-03883 WHA

- 10 -

1 103 Cal.App.4th 210, 126 Cal.Rptr.2d 608), even if Plaintiff's action succumbed due to a
2 change in the law while his action was pending. For example, in For example, in *Walker v.*
3 *Kiousis* (2001) 93 Cal.App.4th 1432, 114 Cal.Rptr.2d 69, one Officer Walker brought a claim
4 under a then-valid statute, Cal. Civil Code § 47.5. The Court determined the statute to have
5 been unconstitutional *after* Walker had brought his action, and applied § 425.16 to strike his
6 complaint. At the trial court level, Walker sustained a judgment of approximately $1,400.
7 After Walker lost his appeal, he sustained an increased judgment of approximately $97,000
8 (ER 140, ¶9). The *Walker* Court stated:

> "As we have found no nonconstitutional ground on which the matter can be disposed of, we consider Kiousis's contention that section 47.5 is unconstitutional...
> ...we conclude section 47.5 is unconstitutional on its face.
> ...The judgment is affirmed. Respondent shall recover costs on appeal and attorney fees pursuant to section 425.16, subdivision (c) in an amount to be determined by the trial court[2]." [Amount was determined at $97,000 est.]

13 Subsection (c) of Cal. Code Civ. Proc. § 425.16 unconstitutionally abridges the First
14 Amendment right to petition for redress as well as to communicate a grievance to the Court,
15 and Courts often do not know how to apply the statute. In fact Plaintiff's counsel in this
16 action prevailed on an anti-SLAPP motion in a case presently up on appeal, <u>Heilig v.</u>
17 <u>Touchstone</u> (1DCA #A114413), and yet the Judge declined to award mandatory fees merely
18 by declaring the offending lawsuit to be "not a lawsuit." California attorneys have grown
19 quite frightened of Cal. Code Civ. Proc. § 425.16(c) given its consistent and unpredictable
20 application, thus First Amendment rights of Attorneys are chilled as well. To try to
21 "constitutionalize" the statute, the legislature has struggled to enact § 425.17, then most
22 recently, the "anti-SLAPP-back" CCP § 425.18, but the dog continues to chase its tail. This
23 Court should find that the mandatory fee provision, Cal. Code Civ. Proc. § 425.16(c), is
24 unconstitutional because it chills First Amendment rights, and in this instance PLAINTIFF's
25 own First Amendment rights are chilled because she faces liability for mandatory fees merely
26 for petitioning for redress either based on existing law, or on a good faith argument for

---

[2]

**OPP. TO SLAPP MTN**　　　　　　　　　　　　　　　　　　　　　　　　**Case No.** C 07-03883 WHA

- 11 -

modification or reversal of existing law (supra).

## VI.  CCP § 425.16(C) VIOLATES THE 14TH AMENDMENT

U.S. Const. Amendment 14 provides:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Under Cal. Code Civ. Proc. § 425.16(c) there is disparate treatment between the plaintiff and the defendant. The plaintiff is not awarded mandatory fees, while the defendant is awarded fees as of right. This violates the Equal Protection clause.

### UNCONSTITUTIONAL APPLICATION TO THIS CASE

Should the Court decline to address the question of constitutionality broadly, PLAINTIFF respectfully requests that the Court deny FTC's motion on grounds that application to this plaintiff under the facts of this case as discussed above would yield unconstitutional results.

### CONCLUSION

PLAINTIFF's abuse of process and UBP claims arise in relation to submitting a fraudulent proof of service under penalty of perjury and in relation to breach of contract. FTC is a commercial lender in the business of extending loans. The anti-SLAPP statute does not apply on these two bases. PLAINTIFF has a First Amendment right to petition for redress. Whether her claims are cognizable or otherwise, it is improper to chill her First Amendment rights by applying mandatory fees. PLAINTIFF prays that the Court issue an order finding that the fee provision is unconstitutional either broadly or in relation to this specific matter.

Dated: August 22, 2007                    _____

                                          Andrew W. Shalaby, Attorney for Plaintiff

**OPP. TO SLAPP MTN**                                                    **Case No.** C 07-03883 WHA