MARK D. LONERGAN (State Bar No. 143622)
MARK I. WRAIGHT (State Bar No. 228303)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
mdl@severson.com
miw@severson.com

Attorneys for Defendant
FIRESIDE THRIFT BANK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BILLIE J. SMITH, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FIRESIDE THRIFT COMPANY, a.k.a. FIRESIDE BANK, and DOES 1-50,<br><br>Defendants. | Case No.: C 07-03883 WHA<br><br>**FIRESIDE'S REPLY IN SUPPORT OF MOTION TO STRIKE (CCP § 425.16) AND REQUEST FOR ATTORNEY'S FEES AND COSTS**<br><br>Date:   September 13, 2007<br>Time:   8:00 AM<br>Room:  9, 19th Floor<br>Judge:  William H. Alsup |

Fireside Bank respectfully submits this reply brief in support of its motion to strike plaintiff's third and fifth causes of action pursuant to California Code of Civil Procedure § 425.16 (California's "anti-SLAPP" statute).

# I.

# INTRODUCTION AND SUMMARY OF ARGUMENT

This motion is a special motion to strike plaintiff's third ("abuse of process") and fifth ("unfair business practices") causes of action under California's anti-SLAPP statute, Cal. Code Civ. P. § 425.16. Fireside's motion should be granted for the following three reasons.

First, plaintiff admits that the gravaman of her third cause of action for abuse of process is "the physical act of using an [sic] fraudulent proof of service ... to obtain a default judgment." (Opposition, 7:13-15.) This is the very same conduct on which the Court in *Rusheen v. Cohen*, 37 Cal.4th 1048 (2006) granted the defendant's anti-SLAPP motion to strike the plaintiff's abuse of process claim.

Second, plaintiff admits that the gravaman of her fifth cause of action is the same as her third cause of action: "FTC should not be permitted to maintain a business practice as such whereby it routinely presents [allegedly] fraudulent proofs of service in order to obtain default judgments." (Opposition, 8:11-13.) Plaintiff's claim should be stricken under the *Rusheen* analysis because plaintiff should not be able to plead around the anti-SLAPP statute by dressing up her claim under a different name.

Third, plaintiff's objection that the anti-SLAPP statute is unconstitutional is frivolous and should be rejected under Fed. R. Civ. P. 11. Plaintiff's counsel has raised the same objection at least six different times in Federal Court, and has lost each and every time.

Therefore, because plaintiff's claims come within the scope of § 425.16, and because plaintiff has failed to prove that there is a reasonable probability she will prevail on the merits of those claims, Fireside's special motion to strike should be granted.

# II.

# PLAINTIFF HAS NOT MET HER BURDEN OF ESTABLISHING THE PROBABILITY THAT SHE WILL PREVAIL ON THE MERITS

A defendant moving to strike one or more causes of action under § 425.16 has the initial burden of "making a prima facie showing that the statute applies" to the cause of action in dispute. *Wilcox v. Sup. Ct.*, 27 Cal.App.4th 809, 819 (1994); Cal. Code Civ. P. § 425.16(b)(1).

The burden then shifts to the plaintiff to establish the probability that she will prevail on the merits of the challenged claim.

> Under the SLAPP statute, after the defendant establishes the plaintiff's cause of action arises from the defendant's exercise of the right of petition or free speech the burden shifts to the plaintiff to "establish [ ] that there is a probability that the plaintiff will prevail on the claim." *Id.*, at 1145, quoting Cal. Code Civ. Proc. § 425.16(b)(3).

*Fashion 21 v. Chirla*, 117 Cal.App.4th 1138 (2004).

In this case, Fireside has met its burden under the anti-SLAPP statute—it has made a prima facie showing that plaintiff's challenged claims are subject to the statute. Plaintiff, however, has not met her burden of proving that she has a reasonable probability of prevailing on the merits of these two claims at trial.

There is no genuine dispute that plaintiff's third and fifth causes of action, which are based on the allegation that Fireside filed a false proof of service to obtain a default judgment, are subject to the anti-SLAPP statute. The facts of this case are almost identical to facts involved in *Rusheen v. Cohen*, 37 Cal.4th 1048 (2006) in which the Court found that plaintiff's claims were subject to the anti-SLAPP statute. In *Rusheen*, the Court explained that,

> …the gravamen of the action was not the levying act, but the procurement of the judgment based on the use of allegedly perjured declarations of service. Because these declarations were communications "(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action" [citation] the litigation privilege applies to the declarations and protects against torts arising from the privileged declarations.

*Rusheen v. Cohen*, 37 Cal.4th at 1062.

The same analysis used in *Rusheen* is applicable to this case. Plaintiff admits her third and fifth causes of action are both based on the allegation that Fireside used an allegedly perjured declaration of service to obtain a judgment against her. As a matter of law, such a declaration falls within the litigation privilege created by Cal. Civ. Code § 47(b). Speech acts covered by the litigation privilege also fall within the scope of the anti-SLAPP statute. *Flatley v. Mauro*, 39

- 3 -

Cal.4th 299, 322-323. ("There is, of course, a relationship between the litigation privilege and the anti-SLAPP statute.") Therefore, Fireside has made a prima facie showing that the anti-SLAPP statute applies to the causes of action in dispute.

With the burden of proof shifted to plaintiff, she has failed to prove that she will prevail on the merits of her claims. Plaintiff's opposition provides a lengthy description of the history of the anti-SLAPP statute and even lengthier arguments about the constitutionality of the statute. However, plaintiff offers no substantive discussion or argument about why she has a reasonable chance of prevailing on the merits. Nor does she offer any evidence to prove that she has a probability of prevailing. Plaintiff submitted a cursory declaration stating that she was never served in the underlying collection action. However, Smith offers no explanation why she did not seek relief from the trial court once she found out about the judgment against her. Moreover, Smith offers no explanation why she waited nearly three years before filing this action. Plaintiff's scant declaration does not present sufficient evidence to satisfy her burden of proving that she has a reasonable probability of prevailing on the merits.

Additionally, plaintiff does not even attempt to challenge the controlling cases like *Rusheen v. Cohen*, 37 Cal.4th 1048, *Yu v. Signet Bank/Virginia*, 103 Cal.App.4th 298 (2002), and *Chiu v. Collectronics, Inc.* 2006 WL 2979392 *11. Plaintiff ignores these key cases completely. Unable to distinguish these cases on their facts, plaintiff suggests only that she "seek[s] modification and/or reversal of such existing law." (Opposition, 7:24.) However, plaintiff offers no explanation or argument why the reasoning used in these case is flawed. Without something more from plaintiff, there is no reason to question the weight and authority of these cases.

### III.
### PLAINTIFF'S CHALLENGE TO THE CONSTITUTIONALITY OF THE ANTI-SLAPP STATUE IS UNFOUNDED

The majority of plaintiff's opposition consists of arguments about the constitutionality of the anti-SLAPP statute, and why its application to this case would be unconstitutional. Plaintiff's arguments are completely without merit because the automatic fee provision does not render the statute unconstitutional.

- 4 -

### A.    Plaintiff's Challenge Is Without Merit

The core of plaintiff's argument is that California's anti-SLAPP statute is unconstitutional because its "fee provision is one sided." (Opposition, 10:24.) This argument has no merit.

First, plaintiff does not offer *any* authority supporting her claim. All she offers is the personal anecdote of her attorney in which he claims he prevailed on an anti-SLAPP motion but was denied fees. (Opposition, 11:15-17.) Not only is this anecdote out of place, but it does not support plaintiff's objection to the constitutionality of § 425.16. If anything, it seems to undercut plaintiff's position. It would be inconsistent to seek protection and fees under a statute on the one hand, and to vigorously campaign and lobby for the unconstitutionality of the very same statute on the other hand.

Second, the fact that the anti-SLAPP statute contains a fee provision for a prevailing defendant, but not a prevailing plaintiff, does not render the statute unconstitutional. There are a great many statutes in California that award fees to a prevailing plaintiff, but not a prevailing defendant. See for example Cal. Labor Code § 1194; see also Cal. Civ. Code 1798.93. The fact that those statutes do not allow a prevailing defendant to recover fees does not render the statutes unconstitutional. Arguably, one-way fee provisions in favor of a plaintiff are more worrisome than fee provisions in favor of a defendant because defendants generally have no say in whether they are named as a party to a lawsuit.

Third, § 425.16 does provide a safe harbor for plaintiffs. If a defendant files a completely frivolous anti-SLAPP motion, the plaintiff is entitled to seek her reasonable attorney's fees. Cal. Code Civ. P. § 425.16(c). This safe harbor is designed to remedy plaintiff's concern that the fee provision may chill first amendment rights by discouraging plaintiffs from bringing righteous claims. If a plaintiff has a legitimate claim, then he or she should not fear a frivolous anti-SLAPP motion.

There is no doubt that § 425.16, including its fee provision, is constitutional.

### B.    Plaintiff's Challenge Violates Rule 11

Plaintiff's counsel has filed three separate lawsuits at the District Court level raising these

same challenges to the constitutionality of California's anti-SLAPP statue.[1] All three times plaintiff's counsel has lost. Moreover, plaintiff's counsel appealed all three rulings to the Ninth Circuit.[2] Again, he lost all three times.

Fed. R. Civ. P. 11 provides that,

> By presenting to the court (whether signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

By continuing to raise the same arguments challenging the constitutionality of the California anti-SLAPP statute, after being turned away time and time again, plaintiff's counsel is veering dangerously close to violating Rule 11. This Court should not allow plaintiff, at the direction of her counsel, to continue down this well-trodden road.

## IV.

## CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.17 DOES NOT APPLY – PLAINTIFF'S COMPLAINT IS NOT EXEMPT FROM FIRESIDE'S ANTI-SLAPP MOTION

Plaintiff's final argument is that Fireside's motion should be denied because Cal. Code Civ. P. § 425.17 subsections (b) and (c) exempt her complaint from the scope of § 425.16. Although § 425.17 does exempt certain claims from the scope of the anti-SLAPP statute, § 425.17 does not apply in this instance to plaintiff's claims.

Section 425.17(b) is a rigid statute under which plaintiff must establish that her claims

---

[1] See *Shalaby v. California*, 2003 WL 21556930 (N.D. Cal. 2003), *Shalaby v. Jacobowitz* 2003 WL 1907664 (N.D.Cal.,2003), and *Shalaby v. Freedman*, 2003 WL 22416492 (N.D.Cal.,2003).

[2] See *Shalaby v. California*, 132 Fed.Appx. 720 (9th Cir. 2005), *Shalaby v. Jacobowitz*, 138 Fed.Appx. 10 (9th Cir. 2005), and *Shalaby v. Judicial Officers of State of Cal.*, 138 Fed.Appx. 897 (9th Cir. 2005).

1 meet certain specified conditions.

2 First, plaintiff's claim must be brought solely in the public interest. § 425.17(b).

3 Second, the plaintiff must not seek any individual relief greater than, or different from the relief sought for the general public. § 425.17(b)(1); see also Weil & Brown, California Practice Guide: Civil Procedure Before Trial (The Rutter Group 2007) ¶ 7.212.5.

4 Third, the action, if successful, would enforce an important right affecting the public interest and would confer a significant benefit on the general public. § 425.17(b)(2); see also Weil & Brown, California Practice Guide: Civil Procedure Before Trial (The Rutter Group 2007) ¶ 7.212.5.

5 Fourth, a private lawsuit is the only way to obtain the benefit for the general public. § 425.17(b)(3); see also Weil & Brown, California Practice Guide: Civil Procedure Before Trial (The Rutter Group 2007) ¶ 7.212.5.

6 Fifth, the action places a disproportionate financial burden on the plaintiff. § 425.17(b)(3); see also Weil & Brown, California Practice Guide: Civil Procedure Before Trial (The Rutter Group 2007) ¶ 7.212.5.

Plaintiff's claims do not meet these statutory conditions for exemption. Other than making the conclusory statement that "the relief sought is on behalf of the general public," plaintiff has not even attempted to show that her claims satisfy the five requirements of § 425.17. Plaintiff does not argue that her action would confer a significant benefit on the public. Nor does she argue that private enforcement is the only means to obtain the public benefit. Nor does she argue that she faces a disproportionate financial burden in relation to her stake in this matter.

More importantly, it is clear from her complaint that plaintiff is seeking individual relief greater than the relief she now claims she is seeking on behalf of the general public. In fact, plaintiff is truly only seeking relief for herself. Specifically, plaintiff seeks "damages to recompense her for all monies collected through wage garnishment," attorney's fees, and punitive damages. Where a plaintiff seeks personal relief, the claim does not qualify for exemption under § 425.17. *Holbrook v. City of Santa Monica*, 144 Cal.App.4th 1242, 1249-50 (sustaining city's anti-SLAPP motion against complaint brought by two city council members to compel the city to

- 7 -

end council meetings by 11:00pm.) Plaintiff's argument that her complaint "is for the public benefit" is simply a half-hearted attempt to escape Fireside's motion. There is no question that plaintiff filed this lawsuit to recover personal damages—the wages garnished based on the underlying default judgment against her. Plaintiff's claims do not qualify for exemption under § 425.17(b).

In addition to the requirements for exemption under subsection (b), § 425.17(c) also exempts claims brought against a defendant "primarily engaged in the business of leasing or selling goods or services." To qualify, a plaintiff must prove that her claims satisfy all of the following conditions.

First, the claims are based on statements by the defendant which consist of representations of fact about defendant's or a competitor's business. § 425.17(c)(1); see also Weil & Brown, California Practice Guide: Civil Procedure Before Trial (The Rutter Group 2007) ¶ 7.212.10.

Second, the statements occurred in connection with a commercial transaction. § 425.17(c)(1); see also Weil & Brown, California Practice Guide: Civil Procedure Before Trial (The Rutter Group 2007) ¶ 7.212.10.

Third, the intended audience is an actual or potential customer. § 425.17(c)(2); see also Weil & Brown, California Practice Guide: Civil Procedure Before Trial (The Rutter Group 2007) ¶ 7.212.10.

Just as she failed to do with subsection (b), plaintiff has not established that her claims satisfy the rigid requirements of § 425.17(c). Plaintiff's claims are based on the allegation that Fireside obtained a judgment against her by filing a false proof of service with the Court. Other than her statement that "FTC is a commercial lending institution," plaintiff does not even try to prove that her claims meet the requirements of § 425.17(c). In fact, plaintiff's claims do not qualify. Her claims are not based on statements consisting of representations about Fireside's business. Her claims are not based on statements made in the course of a commercial transaction. And the intended audience of the allegedly false proof of service was the trial court—not plaintiff or any other potential Fireside customer. Plaintiff's claims are not exempt from the anti-SLAPP statute under § 425.17(c).

## V.

## FIRESIDE IS ENTITLED TO ITS ATTORNEY'S FEES

Section 425.16(c) provides that "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Fireside will file a separate motion seeking its reasonable attorney's fees and costs.

## VI.

## CONCLUSION

Fireside has established that plaintiff's challenged causes of action are subject to the anti-SLAPP statute. Plaintiff has failed to prove that she has a reasonable probability of prevailing on the merits of her claims. Therefore, this Court should grant this motion, strike plaintiff's third and fifth causes of action, and allow Fireside the opportunity to file a motion for attorney's fees.

DATED: August 30, 2007

SEVERSON & WERSON
A Professional Corporation


By: /s/ Mark I. Wraight
    MARK WRAIGHT
    Attorneys for Defendant
    Fireside Bank