Andrew W. Shalaby [SBN 206841]
7525 Leviston Ave
El Cerrito, CA 94530
tel. 510-528-8500, fax 510-528-2412

Attorney for Plaintiff Billie J. Smith

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| BILLIE J. SMITH,<br><br>                                Plaintiff,<br>vs.<br><br>FIRESIDE THRIFT COMPANY, a.k.a. FIRESIDE BANK, and DOES 1-50,<br><br>                                Defendants. | Case No. C 07-03883 WHA<br><br>[Plaintiff's proposed] ORDER DENYING DEFENDANT'S SPECIAL MOTION TO STRIKE<br><br>Date: September 13, 2007<br>Time: 8:00 a.m.<br>Rm. 9, 19th Floor<br>Judge: William H. Alsup |

## BACKGROUND

Approximately January 29, 2000 Plaintiff Billie J. Smith ("Plaintiff") obtained a car loan in the amount of $11,828.38 from defendant Fireside Thrift Company ("FTC") in relation to a 1997 Nissan Sentra she purchased from an automobile dealership. She financed approximately $11,828.38. The loan was secured by the purchased automobile. Some time between the years 2000 and 2003 PLAINTIFF grew very ill, ultimately discovering she had terminal cancer. Approximately in the year 2003 PLAINTIFF was too ill to make her car payments, therefore she delivered the automobile dealership from which she had purchased her car, and advised FTC that she was unable to make the payments and that the car was delivered to the dealership for prompt repossession.

On August 15, 2003 FTC filed a lawsuit against Plaintiff in the Superior Court of the

**Ptf. Proposed Order denying Special Motion to Strike          Case No.  C 07-03883 WHA**
1

State of California, County of Contra Costa, seeking to obtain a judgment in relation to the unpaid car loan. On March 1, 2004 FTC obtained a default Judgment in the amount of $12,121.30 in favor of FTC. On June 28, 2007 Plaintiff filed a complaint against FTC in the Contra Costa County Superior Court. On her complaint, Plaintiff alleged that she was never served with the summons and complaint in relation to the default judgment, and further, that the judgment was obtained by way of a fraudulent proof of service purporting she had been served. Plaintiff further alleged that FTC failed to repossess and sell the vehicle in violation of the terms and provisions of the loan agreement. The Complaint asserted causes of action for Unfair Debt Collection Practices; Abuse of Process; Breach of Contract; and Unfair Business Practices. FTC removed the action to Federal Court on July 30, 2007 under Federal Question jurisdiction premised on Plaintiff's second cause of action for violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1601 et seq. Plaintiff did not object to removal.

On August 1, 2007 FTC filed a special motion to strike Plaintiff's causes of action for abuse of process and unfair business practices ("UBP") under California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16. FTC further seeks mandatory fees under subsection (c) of Cal. Code Civ. Proc. § 425.16 should it prevail with its motion. Plaintiff asserts in her opposition that Cal. Code Civ. Proc. § 425.17 precludes application of § 425.16 to this action, and further, that the mandatory fee provision of subsection (c) of Cal. Code Civ. Proc. § 425.16 unconstitutionally abridges Plaintiff's own First Amendment right to petition for redress and violates the Equal Protection clause of the Fourteenth Amendment.

## DISCUSSION

### I. DESCRIPTION OF THE ANTI-SLAPP STATUTE

Cal. Code Civ. Proc. § 425.16 was enacted in 1992 to provide a procedure for expeditiously resolving "nonmeritorious litigation meant to chill the valid exercise of the constitutional rights of freedom of speech and petition in connection with a public issue." (*Sipple v. Foundation for Nat. Progress* (1999) 71 Cal.App.4th 226, 235.) It is California's response to meritless lawsuits brought to harass or retaliate against those who have exercised

**Ptf. Proposed Order denying Special Motion to Strike**     Case No. C 07-03883 WHA

2

these rights. (*Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628, 644, overruled on a different ground in *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 68, fn. 5.) In 1997, the Legislature added a provision mandating that courts "broadly" construe this section to further the legislative goals of encouraging participation in matters of public significance and discouraging abuse of the judicial process. (*Damon v. Ocean Hills Journalism Club* (2000) 85 Cal.App.4th 468, 473.) This type of suit, referred to under the acronym SLAPP, or strategic lawsuit against public participation, is generally brought to obtain an economic advantage over the defendant, not to vindicate a legally cognizable right of the plaintiff. (*Kajima Engineering & Construction, Inc. v. City of Los Angeles* (2002) 95 Cal.App.4th 921, 927.) SLAPP plaintiffs do not intend to win their suits. Rather, these suits are filed solely to delay, distract, and punish citizens who have exercised their political rights. (*Ibid.*) Nevertheless, the plaintiff's primary purpose in bringing the suit is irrelevant. The anti-SLAPP statute does not require the court to explore the plaintiff's subjective motivations before determining whether the anti-SLAPP statute is applicable. (*Damon v. Ocean Hills Journalism Club, supra,* 85 Cal.App.4th at p. 480.)

When served with a SLAPP suit, the defendant may move to strike the complaint under section 425.16. (*Damon v. Ocean Hills Journalism Club, supra,* 85 Cal.App.4th at p. 473.) To determine whether this motion should be granted, the court must engage in a two-step process. First, the court decides whether the defendant has made an initial prima facie showing that plaintiff's suit arises from an act in furtherance of the defendant's right of petition or free speech in connection with a public issue. (*Braun v. Chronicle Publishing Co.* (1997) 52 Cal.App.4th 1036, 1042-1043.) A defendant can meet this burden by demonstrating that the act underlying the plaintiff's cause arises from any statement or writing made in, or in connection with an issue under consideration or review by, a legislative, executive, judicial or other official proceeding or body. (§ 425.16, subd. (e); *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1113.) As pertinent here, the constitutional right to petition includes the basic act of filing litigation. (*Briggs v.*

**Ptf. Proposed Order denying Special Motion to Strike**     Case No. C 07-03883 WHA

*Eden Council for Hope & Opportunity, supra,* 19 Cal.4th at p. 1115.)  Communications preparatory to or in anticipation of the bringing of an action or other official proceeding are within the protection of the litigation privilege of Civil Code section 47, subdivision (b), and are equally entitled to the benefits of section 425.16 ( *id.* at p. 1115, 81 Cal.Rptr.2d 471, 969 P.2d.) There is no need to separately demonstrate the existence of a "public issue." (*Sipple v. Foundation For Nat. Progress, supra,* 71 Cal.App.4th at p. 237.)  If the court finds the defendant has made the requisite showing, the burden shifts to the plaintiff to establish a probability that it will prevail on the claim. (*Church of Scientology v. Wollersheim, supra,* 42 Cal.App.4th at p. 646.) In order to meet this burden, the plaintiff must make a prima facie showing of facts based on competent admissible evidence that would, if proved, support a judgment in the plaintiff's favor. (*Ibid.*) The trial court may also consider the defendant's opposing evidence but only to determine if it defeats the plaintiff's showing as a matter of law. (*Lafayette Morehouse, Inc. v. Chronicle Publishing Co.* (1995) 37 Cal.App.4th 855, 867.)  In other words, the court does not weigh the evidence or make credibility determinations. (*Wilcox v. Superior Court, supra,* 27 Cal.App.4th at pp. 827- 828.)

## II. CAL. CODE CIV. PROC. § 425.17 PRECLUDES APPLICATION OF § 425.16 IN THIS ACTION

Concerned over abuse of § 425.16, the California legislature enacted Cal. Code Civ. Proc. § 425.17 pursuant to Senate Bill 515 (Kuehl, 2003 session). Under the bill's analysis the legislature explained:

> More recently, relying on Briggs and the Legislature's express command that the anti-SLAPP law "shall be construed broadly," (Section 425.16, subd. (a).), the Supreme Court in *Navellier v. Sletten* (2002) 29 Cal.4th 82, held that the plaintiff's breach of contract claim was subject to a SLAPP motion.  Justice Brown, dissenting (with Justices Baxter and Chin concurring), wrote: "the majority appears willing to consider any suit a SLAPP, based largely on when it was filed.  The cure has become the disease-SLAPP motions are now just the latest form of litigation abuse.' (Id., at p. 96. Emphasis added.)"  While this Committee might someday wish to engage in a  lengthier debate on whether the anti-SLAPP law has become a rotting tree or a tree with a few rotten branches, or is just fine as is, before us for consideration in SB 515 is a measure that seeks to trim off a few bad branches as argued and identified

**Ptf. Proposed Order denying Special Motion to Strike**         Case No.  C 07-03883 WHA

4

by the CAOC.[1]

In its final form, Cal. Code Civ. Proc. § 425.17(a) sets forth the legislature's findings and declarations:

> (a) The Legislature finds and declares that there has been a disturbing abuse of Section 425.16, the California Anti-SLAPP Law, which has undermined the exercise of the constitutional rights of freedom of speech and petition for the redress of grievances, contrary to the purpose and intent of Section 425.16. The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process or Section 425.16.

The relevant portions of Cal. Code Civ. Proc. § 425.17 applicable here are as follows:

> (b) Section 425.16 does not apply to any action brought solely in the public interest or on behalf of the general public if all of the following conditions exist:
>
> (1) The plaintiff does not seek any relief greater than or different from the relief sought for the general public or a class of which the plaintiff is a member. A claim for attorney's fees, costs, or penalties does not constitute greater or different relief for purposes of this subdivision.
>
> (2) The action, if successful, would enforce an important right affecting the public interest, and would confer a significant benefit, whether pecuniary or nonpecuniary, on the general public or a large class of persons.
>
> (3) Private enforcement is necessary and places a disproportionate financial burden on the plaintiff in relation to the plaintiff's stake in the matter.
>
> (c) Section 425.16 does not apply to any cause of action brought against a person primarily engaged in the business of selling or leasing goods or services, including, but not limited to, insurance, securities, or financial instruments, arising from any statement or conduct by that person if both of the following conditions exist:
>
> (1) The statement or conduct consists of representations of fact about that person's or a business competitor's business operations, goods, or services, that

---

[1] The legislative committee of SB 515 explained: *"The Consumer Attorneys of California (CAOC), sponsors of SB 515, assert that SB 515 is needed to stop corporate abuse of the statute and to return Section 425.16 to its original purpose of protecting a citizen's rights of petition and free speech from the chilling effect of expensive retaliatory lawsuits brought against them for speaking out. They note that in recent years, a growing number of large corporations have invoked the anti-SLAPP statute to delay and discourage litigation against them by filing meritless SLAPP motions, using the statute as a litigation weapon."*

**Ptf. Proposed Order denying Special Motion to Strike**          Case No. C 07-03883 WHA

5

>    is made for the purpose of obtaining approval for, promoting, or securing sales
> or leases of, or commercial transactions in, the person's goods or services, or
> the statement or conduct was made in the course of delivering the person's
> goods or services.

Here, Plaintiff seeks relief for UBP under California's private attorney general statute (CCP § 1021.5) on behalf of herself and the general public - Plaintiff argues that the use of fraudulent proofs of service to procure default judgments constitute abuse of process and should not be permitted by the Courts. Indeed the case relied-upon by FTC, <u>Chiu v. Collectronics</u>, 2006 WL 2979392 (FTC reply at 4:17), establishes the elements of abuse of process where a collection agency was found to have procured default judgments by way of fraudulent proofs of service. However, <u>Chiu</u> is not a published authority upon which FTC may rely in support of its argument that the litigation privilege bars a cause of action for abuse of process based on the procurement of a default judgment by way of a fraudulent proof of service, and no authority presented by FTC addresses application of § 425.17 as presented in Plaintiff's action at bar. Subsection (b) of § 425.17 prohibits application of § 425.16 to Plaintiff's action because she seeks relief on behalf of the general public, and her standing to do so is established by the harm she suffered by way of FTC's default judgment allegedly procured by way of a fraudulent proof of service. Subsection (c) of § 425.17 further precludes application of § 425.16 because FTC, a bank, is primarily engaged in the business of selling financial instruments - its loans to consumers.

### III. THE MANDATORY FEE PROVISION OF § 425.16(C) IS UNCONSTITUTIONAL BECAUSE IT CHILLS PLAINTIFF'S OWN FIRST AMENDMENT RIGHTS

FTC argues that the litigation privilege, California Civil Code section 47, is absolute. However, as evidenced by the fact that a cause of action for malicious prosecution survives the litigation privilege under California law (<u>Abraham v. Lancaster Community Hospital,</u> 217 Cal.App.3d 796, 824, 266 Cal.Rptr. 360, 377 - 378 (Cal.App. 2 Dist.,1990)), the litigation privilege is not absolute. California Civil Code section 128.7 as well as F.R.Civ.P. 11 further permit imposition of sanctions for abuse of process. The California legislature has itself recognized

**Ptf. Proposed Order denying Special Motion to Strike**   Case No. C 07-03883 WHA

6

that the anti-SLAPP statue, Cal. Code Civ. Proc. § 425.16, abridges the right to petition, as explained in subsection (a) of Cal. Code Civ. Proc. § 425.17 (*"The Legislature finds and declares that there has been a disturbing abuse of Section 425.16, the California Anti-SLAPP Law, which has undermined the exercise of the constitutional rights of freedom of speech and petition for the redress of grievances, contrary to the purpose and intent of Section 425.16."*) Here, Plaintiff has her own First Amendment right to petition for redress, and her abuse of process and UBP claims are equally protected by the Litigation Privilege. Applying a mandatory fee award provision to Plaintiff under subsection (c) of Cal. Code Civ. Proc. § 425.16 unconstitutionally chills and abridges the plaintiff's First Amendment rights. This Court therefore finds that the mandatory fee provision, subsection (c) of Cal. Code Civ. Proc. § 425.16, is unconstitutional.

### IV. THE MANDATORY FEE PROVISION OF § 425.16(C) IS UNCONSTITUTIONAL BECAUSE IT VIOLATES EQUAL PROTECTION RIGHTS

The mandatory fee provision of Cal. Code Civ. Proc. § 425.16 is one-sided. A defendant or cross-defendant prevailing with an anti-SLAPP motion is awarded mandatory fees under subsection (c) of Cal. Code Civ. Proc. § 425.16, while a plaintiff or cross-plaintiff defeating an anti-SLAPP motion is not entitled to mandatory fees. U.S. Const. Amendment 14 provides:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Disparate treatment and application of subsection (c) of Cal. Code Civ. Proc. § 425.16 between plaintiffs/cross-plaintiffs and defendants/cross-claimants violates the Fourteenth Amendment, therefore this Court finds that subsection (c) of Cal. Code Civ. Proc. § 425.16 is further unconstitutional on Fourteenth Amendment grounds.

### DISPOSITION

FTC's special motion to strike is DENIED. Application of Cal. Code Civ. Proc. §

**Ptf. Proposed Order denying Special Motion to Strike**          Case No. C 07-03883 WHA

1 | 425.16 is precluded in this instance by Cal. Code Civ. Proc. § 425.17(b) and (c). The Court
2 | further finds that subsection (c) of Cal. Code Civ. Proc. § 425.16 unconstitutionally
3 | abridges the First Amendment right to petition for redress and the equal protection
4 | clause of the Fourteenth Amendment.

6 | Dated:_____               _____
7 |                                         Judge, U.S. District Court

**Ptf. Proposed Order denying Special Motion to Strike**      Case No. C 07-03883 WHA
8