1

Andrew W. Shalaby [SBN 206841]
7525 Leviston Ave
El Cerrito, CA 94530
tel. 510-528-8500, fax 510-528-2412

2

3

Attorney for Plaintiff Billie J. Smith

4

5

6

7

8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

9

10

| | |
|---|---|
| BILLIE J. SMITH, | Case No. C 07-03883 WHA |
| Plaintiff, | **NOTICE OF ERRATA ON PLAINTIFF'S MPA IN OPPOSITION TO DEFENDANT'S ANTI-SLAPP MOTION** |
| vs. | |
| FIRESIDE THRIFT COMPANY, a.k.a. FIRESIDE BANK, and DOES 1-50, | Date: September 13, 2007 Time: 8:00 a.m. |
| Defendants. | Rm. 9, 19th Floor Judge: William H. Alsup |

16

17

TO THE COURT, ALL PARTIES, AND THEIR COUNSELS OF RECORD:

18

19

Plaintiff Billie J. Smith informs all that she, through her counsel, inadvertently misstated the facts

20

asserted in her Complaint on her Memorandum of Points and Authorities in support of her

21

opposition to Defendant's pending special motion to strike.  On page 7:11-15 of Plaintiff's

22

opposition she inadvertently pled:

23

> PLAINTIFF alleges that FTC essentially presented a *fraudulent proof of service* to the Court clerk and obtained a default judgment against her based on the fraudulent proof of service.  It is the physical act of using an *fraudulent proof of service*, indeed signed under penalty of perjury, to obtain the default judgment, which is at issue rather than the filing of a lawsuit itself.

24

25

26

However, the correct facts are those asserted in paragraph 25 of her Complaint, which pleads:

27

> PLAINTIFF alleges that FTC's obtaining a default Judgment against her based on **improper service** of the Summons and Complaint when in fact

28

**ERRATA  - OPP. TO SLAPP MTN**                    **Case No.** C 07-03883 WHA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

the documents were never lawfully served upon her, and FTC's obtaining a writ of execution and garnishing her wages based on the improperly obtained default Judgment, constitute an actionable abuse of process. [Emphasis added.]

Plaintiff therefore strikes and withdraws the text pled on page 7:11-15 of her MPA in opposition to Defendant's special motion to strike.

Plaintiff's Counsel apologizes to all parties and the Court for his error, which was the result of his failure to recall the facts pled on the Complaint and instead his divergence to the facts set forth in *Rasheen v. Cohen*, 37 Cal.4th 1048 (2006).


Dated:  September 12, 2007

Andrew   W.   Shalaby,   Attorney   for Plaintiffs

**ERRATA  - OPP. TO SLAPP MTN**                    **Case No.** C 07-03883 WHA