IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BILLIE J. SMITH,

    Plaintiff,

  v.

FIRESIDE THRIFT COMPANY, a.k.a.
FIRESIDE BANK, and DOES 1–50,

    Defendants.
                                            /

No. C 07-03883 WHA

**ORDER GRANTING
MOTION TO STRIKE**

**INTRODUCTION**

In this action for abuse of process, unfair business practices, and other claims, defendants move to strike plaintiff's third and fifth claims under California Code of Civil Procedure § 425.16, the anti-Strategic Lawsuits Against Public Participation statute. Defendants have shown that plaintiff's claims arise from protected free speech or petitioning activities, and that plaintiff does not have a fair probability of success on those claims. Moreover, plaintiff's third and fifth claims do not fit in to any of the exceptions to the anti-SLAPP statute. Accordingly, defendants' special motion to strike plaintiff's third and fifth claims is **GRANTED**.

**STATEMENT**

Plaintiff Billie J. Smith purchased a 1997 Nissan Sentra from a dealership in approximately January 2000 (Not. of Removal Exh. B, ¶ 1). Defendant Fireside Thrift

1  Company extended financing to Smith for the purchase (*id*. at ¶ 2). Plaintiff alleges that she
2  became ill at some at "some time between the years 1999 and 2003" and that she discovered
3  that she had terminal cancer (*id*. at ¶ 5). She decided that she could no longer make the
4  payments on her car loan, so she delivered the car to a dealership for repossession (*id*. at ¶ 5).
5  Plaintiff ultimately survived, but alleges that she experienced a period of legal incompetence
6  from 2003 to 2006 (*id*. at ¶ 6).

7  Unbeknownst to plaintiff, defendants filed a lawsuit against her regarding the car loan in
8  state court on August 15, 2003 (*id*. at ¶ 7). Smith never appeared in that action, and a default
9  judgment was entered for defendants on March 1, 2004, in the amount of approximately
10 $12,121.30 (*ibid*.). Plaintiff alleges that she was never served in that action. She allegedly first
11 learned of it at some time in 2006 because her wages were being garnished (*id*. at ¶ 8).
12 Thereafter, plaintiff's counsel asked defendants' counsel for the proof of service in that action,
13 but it was allegedly never provided (*id*. at ¶ 9). Smith pleads that Fireside breached its contract
14 for financing with her by failing to repossess her vehicle and instead opting to file suit (*id*. at ¶
15 12). Plaintiff also alleges that Fireside unlawfully represented to the Contra Costa County
16 Superior Court that it had served her with the summons and complaint in the prior action (*id*. at
17 ¶ 23). Fireside then allegedly used that false proof of service to obtain a default judgment
18 against Smith and an order to garnish her wages (*id*. at ¶ 24–25).

19 Plaintiff filed this action in state court on June 28, 2007. The complaint alleges claims
20 for: (1) violation of California's Fair Debt Collection Practices Act; (2) violation of the federal
21 Fair Debt Collection Practices Act; (3) abuse of process; (4) breach of contract; and (5) unfair
22 business practices under California Civil Code § 17200. Defendants timely removed on July
23 30, 2007, based on federal-question jurisdiction. This motion was filed on August 6, 2007.

**ANALYSIS**

25 Defendants move to strike plaintiff's third claim for abuse of process and plaintiff's fifth
26 claim for unfair business practices under California Civil Procedure Code § 425.16, the anti-
27 SLAPP statute. The Ninth Circuit has "determined that California anti-SLAPP motions to
28 strike and entitlement to fees and costs are available to litigants proceeding in federal court, and

2

that these provisions do not conflict with the Federal Rules of Civil Procedure." *Thomas v. Fry's Electronics, Inc.*, 400 F.3d 1206, 1206–07 (9th Cir. 2005) (citing *United States ex rel Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972–73 (9th Cir. 1999)). The anti-SLAPP statute was passed in response to concern over an increase in meritless lawsuits brought against private individuals to gain economic advantage and to deter them from exercising their political and legal rights. *Wilcox v. Superior Court*, 27 Cal. App. 4th 809, 816 (1994). The anti-SLAPP statute permits a special motion to strike such claims. It states:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Cal. Civ. Proc. Code § 425.16(b)(1). Corporations are included in the definition of "person" under the statute. *Mattell, Inc. v. Luce, Forward, Hamilton & Scripps*, 99 Cal. App. 4th 1179, 1188 (2002).

A court deciding an anti-SLAPP motion to strike engages in the following two-part inquiry.

> First, in order to prevail on a motion to strike, the moving party must make an initial prima facie showing that the claimant's suit arises from an act in furtherance of its rights of petition or free speech in connection with a public issue . . . .
>
> Second, once the defendant has made a prima facie showing, the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims. To do this, the plaintiff must demonstrate that the complaint is legally sufficient and supported by a prima facie showing of *facts* to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.

*New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1090, 1098–99 (C.D. Cal. 2004) (Feess, J.) (citations and quotations omitted).

**1. ACT IN FURTHERANCE OF RIGHT OF PETITION.**

As to the first prong of the inquiry, defendants contend that their filing an action in state court against plaintiff constitutes an act in furtherance of the right of petition. Acts in furtherance of a person's right of petition or free speech include:

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law;
>
> (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law;

Cal. Civ. Proc. Code § 425.16(e). "A cause of action 'arising from' defendant's litigation activity may appropriately be the subject of a Section 425.16 motion to strike." *Church of Scientology v. Wollersheim*, 42 Cal. App. 4th 628, 648 (1996). Acts in furtherance of free speech or the right of petition include "communicative conduct such as the filing, funding, and prosecution of a civil action." *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1056 (2005) (holding that a creditor's actions taken in collecting a judgment constituted communicative conduct in furtherance of the right of petition).

Defendants bring an anti-SLAPP motion to strike plaintiff's claims for abuse of process and for unfair business practices under § 17200. The thrust of both of these claims is that defendants filed suit against her, failed to serve her with the summons and complaint, and filed a false proof of service with the Contra Costa County Superior Court in order to obtain a default judgment against plaintiff. Filing a lawsuit and filing an allegedly false proof of service constitute communicative conduct under § 425.16(e). *See Rusheen*, 37 Cal. 4th at 1056.

Here, the communicative conduct that forms the basis of plaintiff's third and fifth claims is the filing of a lawsuit and a false proof of service to secure a default judgment. Defendants represented to the Contra Costa County Superior Court that they had served Smith with the notice of default judgment. Plaintiff argued at the hearing that the gravamen of the complaint was actually that she was improperly served. Irrespective of whether defendants misrepresented that they had properly served plaintiff, or if they had simply not done so at all, defendants still had to file a proof of service with the court to obtain a judgment and an order to garnish her wages. Under *Rusheen*, filing a proof of service to collect on a judgment constitutes communicative conduct. *Ibid*.

Plaintiff argues that her complaint is actually based on the *physical act* of filing a false proof of service. The harm that plaintiff suffers, however, does not flow from filing a proof of

4

service itself, it comes from defendants' allegedly false statements in that document. She also argues that her § 17200 claim is actually based on breach of the contract between herself and defendants. The heart of that claim is that Fireside allegedly intentionally decides not to repossess the vehicles to which it holds title pursuant to financing agreements. Instead Fireside files suit in breach of the contract. This alleged business practice arises directly from defendants' decision to file a lawsuit against plaintiff. It too constitutes communicative conduct under the anti-SLAPP statute.

**2. PROBABILITY OF SUCCESS AND CALIFORNIA'S LITIGATION PRIVILEGE.**

On the second prong of the anti-SLAPP analysis,

> [o]nce it is determined that an act in furtherance of protected expression is being challenged, the plaintiff must show a "reasonable probability" of prevailing in its claims for those claims to survive dismissal. To do this, the plaintiff must demonstrate that "the complaint is legally sufficient and supported by a prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." This burden is "much like that used in determining a motion for nonsuit or directed verdict," which mandates dismissal when "no reasonable jury" could find for the plaintiff. Thus, a defendant's anti-SLAPP motion should be granted when a plaintiff presents an insufficient legal basis for the claims or "when no evidence of sufficient substantiality exists to support a judgment for the plaintiff."

*Metabolife Intern., Inc. v. Wornick*, 264 F.3d 832, 840 (9th Cir. 2001).

Defendants argue that plaintiff has no reasonable probability of prevailing because the communications at issue, the allegedly false proof of service, are covered by California's litigation privilege. Plaintiff does not present argument on this issue. Moreover, plaintiff has presented no evidence in her favor that would indicate that she has a reasonable probability of prevailing on her third and fifth claims. Still, this order examines defendants' arguments based on California's litigation privilege.

The litigation privilege, California Civil Code § 47(b), provides that:

> A privileged publication or broadcast is one made in any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law . . . .

5

"Although originally enacted with reference to defamation, the privilege is now held applicable to any communication, whether or not it amounts to a publication, and all torts except malicious prosecution. Further, it applies to any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is involved." *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990) (citations omitted). The litigation privilege also covers the filing of false or perjured testimony or declarations. *Pollock v. University of Southern California*, 112 Cal. App. 4th 1416, 1431 (2003).

The California Supreme Court has explicitly held that the litigation privilege applies to actions taken in collecting a judgment. *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1058 (2005). Extending the litigation privilege to post-judgment activities is consistent with the litigation privilege's policy of giving litigants and witnesses free access to the courts and promoting finality in judgments. *Id*. at 1063. In *Rusheen*, the plaintiff filed a claim for abuse of process alleging that the defendant had filed a false proof of service in order to collect a judgment. The California Supreme Court held that communications surrounding the collection of a judgment were privileged under California Civil Procedure Code § 47(b). Where the allegations were based on post-judgment communications to the court, such as a proof of service for a default judgment, the privilege applied. *Id*. at 1062–63.

Before the hearing on this motion, parties were asked if any cases existed that applied the logic of *Rusheen* to an unfair business practices claim under § 17200. This order recognizes that no published authority extends *Rusheen* to § 17200 claims, but the rationale seems to be sufficiently persuasive to do so, particularly since the litigation privilege focuses on the nature of conduct at issue, not the claim in which it is asserted. The facts of *Rusheen* are very similar to the ones at issue here. Smith alleges that Fireside filed a false proof of service to collect on a judgment against her. Those communications are privileged, and thus cannot form the basis of either an abuse of process claim or a § 17200 claim. Accordingly, plaintiff cannot show that she has a reasonable probability of success on those claims.

This could produce a troubling result in some situations. It invites the possibility of an unscrupulous creditor fraudulently obtaining judgments by either failing to properly serve debtors or filing fraudulent proofs of service. The creditor could then obtain a default judgment and garnish the debtor's wages. Under California law, a defendant has six months after entry to default judgment to move to set it aside. Cal. Civ. Proc. Code § 473. The time limit under the Federal Rules of Civil Procedure is one year, however, California law controls as to the state-court action. Fed. R. Civ. P. 60(b). This practice could be made even worse where the unscrupulous creditor allows the judgment to rest for a sufficiently long time to not be set aside. Still, the anti-SLAPP statute, together with the litigation privilege, seem to compel this result. Defendants' motion to strike under California's anti-SLAPP statute is **GRANTED**.[*]

### 3. EXCEPTION TO THE ANTI-SLAPP STATUTE.

Plaintiff argues that the anti-SLAPP statute should not apply because this is an action brought on behalf of the public. After the anti-SLAPP statute was passed, the California legislature expressed concern that it had been abused. *See* Cal. Civ. Proc. Code § 425.17(a). The legislature carved out two exceptions to the anti-SLAPP statute, both of which plaintiff argues apply here.

The first exception is for actions brought on behalf of the general public. It requires:

> Section 425.16 does not apply to any action brought solely in the public interest or on behalf of the general public if all of the following conditions exist:
>
> (1) The plaintiff does not seek any relief greater than or different from the relief sought for the general public or a class of which the plaintiff is a member . . . .
>
> (2) The action, if successful, would enforce an important right affecting the public interest, and would confer a significant benefit, whether pecuniary or nonpecuniary, on the general public or a large class of persons.

---

[*] At the hearing on this motion, parties disagreed as to whether plaintiff had ever appeared in this action. Parties were asked to submit declaration regarding the chronology of events in the prior state-court action. Defendants' submission revealed that Smith filed a claim of exemption to the order garnishing her wages with the Orange County Sheriff on September 2, 2004 (Defendants' Chronology Exh. D). Smith had notice of the judgment against her and could have timely moved to set aside the default, so the above-identified scenario is not a concern in this action.

7

>   (3) Private enforcement is necessary and places a disproportionate
>   financial burden on the plaintiff in relation to plaintiff's stake in
>   the matter.

Cal. Civ. Proc. Code § 425.17(b). Plaintiff argues that she brought this action on behalf of and for the benefit of the general public. It is difficult to see how this is possible given that it is not styled as a class action and plaintiff seeks no relief on behalf any person but herself. She does not even appear to seek injunctive relief. She seeks damages on behalf of herself only, so even if she did seek injunctive relief, she would be receiving a benefit over and above what was sought for the general public. Moreover, she does not identify any significant public benefit that would be conferred by this action. This exception does not apply.

Plaintiff also argues that the second exception applies. It provides:

> Section 425.16 does not apply to any cause of action brought
> against a person primarily engaged in the business of selling or
> leasing goods or services, including, but not limited to, insurance,
> securities, or financial instruments, arising from any statement or
> conduct by that person if both of the following conditions exist:
>
> (1) The statement or conduct consists of representations of fact
> about that person's or a business competitor's business
> operations, goods, or services, that is made for the purpose of
> obtaining approval for, promoting, or securing sales or leases of,
> or commercial transactions in, the person's goods or services, or
> the state or conduct was made in the course of delivering the
> person's goods or services.
>
> (2) The intended audience is an actual or potential buyer or
> customer, or a person likely to repeat the statement to, or
> otherwise influence, an actual or potential buyer or customer . . . .

Cal. Civ. Proc. Code § 425.17(c). Assuming, *arguendo*, that Fireside was in the business of selling goods or services, filing a lawsuit and filing a false proof of service are not representations of fact about Fireside's products, they are statements made in the course of litigation. Additionally, the intended audience for those statements was the court, not at any potential buyer or customer. Accordingly, plaintiff's claims do not fall into any of the exceptions to the anti-SLAPP statute.

**4.    PLAINTIFF'S CONSTITUTIONAL ARGUMENTS AGAINST THE ANTI-SLAPP STATUTE.**

Plaintiff makes a number of arguments that California's anti-SLAPP statute should be held unconstitutional. She contends that there is no chilling of free speech in this instance, so

8

the statute should not apply. Plaintiff also argues that the statute is unconstitutional because it is mandatory and imposes attorney's fees and costs only on one side. Plaintiff presents no authority in support of her argument. It is worth noting that some courts have expressed concern about whether the application of the anti-SLAPP statute chills First Amendment rights. *See, e.g., Shalaby v. Jacobowitz*, 2003 WL 21557930, *4 (N.D. Cal. 2003) (Breyer, J.). Individuals, such as Fireside, do not have standing to defend the constitutionality of statutes. *See Diamond v. Charles*, 476 U.S. 54, 62 (1986). Accordingly, plaintiff's arguments that the fee-shifting provision is unconstitutional cannot be litigated here by defendants. Defendants' motion to strike is **GRANTED**.

## CONCLUSION

For all of the above-stated reasons, defendants' special motion to strike plaintiff's third and fifth claims is **GRANTED**. Defendants are awarded attorney's fees pursuant to California Civil Procedure Code § 427.16(c). Defendants may only recover fees for attorney's fees and costs incurred in defending plaintiff's third and fifth claims. Parties must follow the procedure set out in the accompanying order.

**IT IS SO ORDERED.**

Dated: September 18, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

9