Andrew W. Shalaby [SBN 206841]
7525 Leviston Ave
El Cerrito, CA 94530
tel. 510-528-8500, fax 510-528-2412

Attorney for Plaintiff Billie J. Smith

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| BILLIE J. SMITH,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>FIRESIDE THRIFT COMPANY, a.k.a. FIRESIDE BANK, and DOES 1-50,<br><br>　　　　　　　　　　Defendants. | Case No. C 07-03883 WHA<br><br>**PLAINTIFF'S EX PARTE APPLICATION FOR DETERMINATION OF SCOPE OF COURT'S DISMISSAL RE UCL CLAIM**<br><br>**L.R. 7-11, 7-10**<br><br>Date: September 20, 2007<br>Time: 8:00 a.m.<br>Rm. 9, 19th Floor<br>Judge: William H. Alsup |

## I. REQUEST FOR CLARIFICATION RE SCOPE OF CLAIMS DISMISSED

Plaintiff Billie J. Smith (hereinafter "Plaintiff") respectfully moves ex parte for clarification of the scope of this Court's order dismissing some or all of her Bus. & Prof. Code § 17200 claims pursuant to the order issued September 18, 2007 as the order is not clear. Ex parte application under Local Rule 7-11 or 7-10 is appropriate because no relief pertaining to the scope of the ruling is sought, and the request appears to fall exclusively within "misc. administrative relief" pursuant to LR 7-11.

Plaintiff respectfully submits this ex parte application on the pleadings as there are no issues requiring oral argument.

**EX PARTE APPLICATION RE SCOPE OF DISMISSAL**　　　**Case No.** C 07-03883 WHA
**1**

## II. DID THIS COURT'S DISMISSAL OF PLAINTIFF'S CLAIMS UNDER BUS. & PROF. CODE § 17200 EXTEND TO CLAIMS NOT TARGETED BY DEFENDANT'S MOTION TO STRIKE?

As the first order of the day, Plaintiff's counsel respectfully informs this Court that despite an adverse ruling, in this counsel's opinion the Court has done a better job than most in analyzing the issues presented. The ruling and the Court's explanation of how it arrived at its decision are much appreciated.

There is a small bit of confusion as to the scope of this Court's ruling pertaining to dismissal of Plaintiff's Bus. & Prof. Code § 17200 claims. Defendant's anti-SLAPP motion only targeted "paragraph 34" of the claim pleaded in the Complaint. There were two claims -

1. A claim that it is an unfair business practice for a lender loaning money secured by an automobile to disregard its contractual obligation to sell the car to offset the unpaid loan balance in the event of a default, hence Plaintiff seeks relief in the amount of the value of the car to offset the default judgment obtained against her, and generally similarly-situated individuals should obtain the same relief; and

2. It is an unfair practice to secure default judgments by way of improper proofs of service where the defendant was not served (deferring to the Court's language on its ruling).

Defendant only targeted the second claim, "paragraph 34," by way of its motion. This Court's ruling is not clear as to whether it dismissed the entire § 17200 claim or whether it only dismissed "paragraph 34" targeted by Defendant's motion.

Respectfully submitted September 18, 2007

Andrew W. Shalaby, Attorney for Plaintiff

**EX PARTE APPLICATION RE SCOPE OF DISMISSAL**    **Case No.** C 07-03883 WHA

**2**