1  MARK D. LONERGAN (State Bar No. 143622)
   MARK I. WRAIGHT (State Bar No. 228303)
2  SEVERSON & WERSON
   A Professional Corporation
3  One Embarcadero Center, Suite 2600
   San Francisco, CA 94111
4  Telephone: (415) 398-3344
   Facsimile: (415) 956-0439
5  mdl@severson.com
   miw@severson.com
6
   Attorneys for Defendant
7  FIRESIDE THRIFT BANK

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                      SAN FRANCISCO DIVISION

12  BILLIE J. SMITH, an individual,          Case No.: C 07-03883 WHA

13              Plaintiff,

14       vs.                                 **DECLARATION IN SUPPORT OF
                                             FIRESIDE BANK'S REQUEST FOR
15  FIRESIDE THRIFT COMPANY, a.k.a.          ATTORNEY'S FEES**
    FIRESIDE BANK, and DOES 1-50,
16
                Defendants.
17

18  I, Mark Wraight, hereby declare:

19       1.     I am an associate attorney of the law firm of Severson & Werson, counsel of

20  record for defendant Fireside Bank. I submit this declaration in support of Fireside's request for

21  attorney's fees pursuant to the Court's September 18, 2007 Order Granting Motion to Strike. The

22  facts stated herein are based on my personal knowledge. If called to testify, I could and would

23  testify to the truth of the facts set forth herein.

24                        **Detailed Description of Projects**

25       2.     In the ordinary course and scope of my work at Severson & Werson, I keep

26  contemporaneous records of the hours expended each day working on client matters using the

27  Juris Timesheet computer program. These records are not based on estimates. I have personally

28  reviewed all time records maintained in connection with this case. Based on my review of the

                                       - 1 -

records maintained by the Juris Timesheet program, I have prepared the following summary of those entries, organized by discrete projects, for which compensation is sought.

### PROJECT: LEGAL RESEARCH RELATED TO ANTI-SLAPP MOTION

| Date | Timekeeper | Description | Hours | Rate | Fee |
|------|-----------|-------------|-------|------|-----|
| 07-11-2007 | M. Wraight | Perform legal research on treatment of CCP § 427.16 ("anti-SLAPP statute") in Federal Court. | 2.0 | $235 | $470 |
| 07-12-2007 | M. Wraight | Continue legal research on CCP § 427.16. Prepare memo to partner re results of research and outline strategy for filing anti-SLAPP motion. | 2.5 | $235 | $587.50 |
| 07-20-2007 | M. Wraight | Perform legal research on application of California litigation privilege (§ 47) to plaintiff's claims for abuse of process and unfair business practices. Review and analyze *Rusheen v. Cohen*, 37 Cal.4th 1056; *Yu v. Signet Bank/Virginia*, 103 Cal.App.4th 298 (2002); *Chiu v. Collectronics, Inc.* 2006 WL 2979392; *Rubin v. Green*, 4 Cal.4th 1187 (1993). | 2.0 | $235 | $470 |
| 08-15-2007 | M. Wraight | Review email correspondence from A. Shalaby re cases he cited in support of his claim that CCP § 427.16 is unconstitutional. Review cited cases, including *Shalaby v. California*, 2003 WL 21556930 (N.D. Cal. 2003), *Shalaby v. Jacobowitz* 2003 WL 1907664 (N.D.Cal.,2003), and *Shalaby v. Freedman*, 2003 WL 22416492 (N.D.Cal.,2003) | 1.5 | $235 | $352.50 |
| 08-16-2007 | M. Wraight | Perform legal research re plaintiff's standing to challenge CCP § 427.16 as unconstitutional. | 1 | $235 | $235 |
| 08-29-2007 | M. Wraight | Perform legal research and analysis of cases cited in plaintiff's opposition re constitutionality of § 427.16. | 2.25 | $235 | $528.75 |
| | | **Subtotal:** | **11.25** | | **$2,643.75** |

For this project, 100% of the time billed was directed at issues for which fees are awardable—namely the preparation of a successful anti-SLAPP motion directed at plaintiff's

- 2 -

third and fifth causes of action. Therefore, the entire $2,643.75 should be awarded for this project.

**PROJECT: PREPARE ANTI-SLAPP MOTION AND REPLY PAPERS**

| Date | Timekeeper | Description | Hours | Rate | Fee |
|------|-----------|-------------|-------|------|-----|
| 07-18-2007 | M. Wraight | Begin drafting anti-SLAPP motion. | 1.25 | $235 | $293.75 |
| 07-19-2007 | M. Wraight | Continue drafting anti-SLAPP motion. Draft Request for Judicial Notice and Proposed Order. | 5.00 | $235 | $1,175 |
| 07-23-2007 | M. Wraight | Finalize anti-SLAPP motion. | 2.0 | $235 | $470 |
| 07-23-2007 | M. Wraight | Meeting with partner to discuss anti-SLAPP motion and review revisions. | .25 | $235 | $58.75 |
| 07-23-2007 | M. Wraight | Send anti-SLAPP motion to client for approval. | 0 | $235 | $0 |
| 07-30-2007 | M. Wraight | Meeting with paralegal to discuss preparing exhibits in support of anti-SLAPP motion. | 0 | $235 | $0 |
| 8-21-2007 | M. Wraight | Meet with partner to discuss plaintiff's claim that § 427.16 is unconstitutional and proposed strategy for responding to this claim in the reply brief. | .25 | $235 | $58.75 |
| 8-21-2007 | M. Wraight | Send correspondence to client informing of plaintiff's contention that § 427.16 is unconstitutional and proposed strategy for responding to this claim in reply brief. | .25 | $235 | $58.75 |
| 8-22-2007 | M. Wraight | Review and analyze plaintiff's opposition papers. | 3 | $235 | $705 |
| 08-28-2007 | M. Wraight | Begin drafting reply brief. | 3.5 | $235 | $822.50 |
| 08-29-2007 | M. Wraight | Finalize reply brief. | 3.25 | $235 | $763.75 |
| | | **Subtotal:** | **18.75** | | **$4,406.25** |

For this project, 100% of the time billed was directed at issues for which fees are awardable—namely the preparation of a successful anti-SLAPP motion directed at plaintiff's third and fifth causes of action. Therefore, the entire $4,406.25 should be awarded for this project.

- 3 -

**PROJECT:  PREPARE FOR AND ATTEND HEARING ON ANTI-SLAPP MOTION**

| Date | Timekeeper | Description | Hours | Rate | Fee |
|------|-----------|-------------|-------|------|-----|
| 09-12-2007 | M. Wraight | Prepare for hearing on anti-SLAPP motion by reviewing complaint, moving papers, opposition, and reply. | 1.0 | $235 | $235 |
| 09-12-2007 | M. Wraight | Review Court's "Notice re Hearing." Perform further legal research in response to Court's question re extension of *Rusheen v. Cohen*. | 2.0 | $235 | $470 |
| 09-13-2007 | M. Wraight | Continue preparing for hearing. Review cases, pleadings, and outline oral argument.  Attend hearing on anti-SLAPP motion. | 3.5 | $235 | $822.50 |
| 09-13-2007 | M. Wraight | Prepare chronology of key events requested by Court during the hearing on anti-SLAPP motion. | 1 | $235 | $235 |
| | | **Subtotal:** | **7.5** | | **$1,762.50** |

For this project, 100% of the time billed was directed at issues for which fees are awardable—namely the preparation of a successful anti-SLAPP motion directed at plaintiff's third and fifth causes of action.  Therefore, the entire $1,762.50 should be awarded for this project.

| | | **GRAND TOTAL** | 37.5 | | $8,812.50 |
|------|------|------|------|------|------|

100% of the time billed was directed at issues for which fees are awardable—namely the preparation of a successful anti-SLAPP motion directed at plaintiff's third and fifth causes of action.  Therefore, the entire $8,812.50 should be awarded for this project.

**Qualifications**

3.    I was the attorney responsible for working on this case, including researching, preparing, and arguing Fireside's anti-SLAPP motion.

4.    I am a graduate of the UCLA School of Law.  I have been a member of the State Bar of California since 2003.  During my four years of practice I have successfully handled numerous cases involving business and contract disputes in both Federal and State Courts.  I have been the lead counsel in a jury trial as well as a bench trial.  I have also second chaired three jury

DECLARATION IN SUPPORT OF REQUEST FOR ATTY FEES
Case No. C 07-03883 WHA

1  trials, one bench trial, and two arbitration hearings. I have successfully argued motions for

2  summary judgment, demurrers, discovery motions, and motions for attorney's fees, among others.

3       5.     My standard hourly rate is $235.00. I am informed and believe that this rate is

4  comparable to prevailing rates in the community for like-skilled professionals.

5       6.     I believe that "billing judgment" was exercised in this matter. First, I have

6  eliminated all time billed by the partner overseeing this matter, as well as all time billed by the

7  paralegal assisting in this matter. Based on my review of the time records, I believe this time

8  amounts to more than 1.5 hours. I have also eliminated the time I spent preparing this

9  declaration, which I estimate to be 3.5 hours. Such adjustments were made to eliminate

10  duplication and excess. Second, as plaintiff's counsel will surely agree, I have not included the

11  significant amount of time spent discussing and corresponding with plaintiff's counsel regarding

12  the merits of Fireside's anti-SLAPP motion. Based on my review of the time records, I believe I

13  have spent more than three hours discussing the merits of Fireside's anti-SLAPP motion with

14  plaintiff's counsel, Andrew Shalaby, including counsel's lengthy history of challenging the

15  constitutionality of the anti-SLAPP statute in Federal Court. Third, the number of hours I have

16  spent working on this motion, and the amount of fees requested are below average. Based on my

17  review of reported cases, the average award of attorney's fees to a prevailing defendant is

18  between $10,000 and $15,000.

19      •     In *Maughan v. Google Technology, Inc.*, 143 Cal. App. 4th 1242 (2006), the

20  plaintiffs, on behalf of themselves and the putative class, filed claims against Google for

21  defamation, products liability, and unfair business practices. The trial court granted Google's

22  anti-SLAPP motion to strike plaintiffs' complaint. Although Google sought $98,120.40 in

23  attorney's fees, the court awarded $23,000 (for fees and costs combined). *Id.*, at 1248. The

24  appellate court held that the trial court did not abuse its discretion by finding that the reasonable

25  amount of time to spend on an anti-SLAPP motion is "approximately 50 hours or one attorney

26  work week":

27

28          The court granted Google's motion for fees and costs but reduced
        the amount awarded to $ 23,000 after explaining: "This Court
        routinely deals with attorneys' fees requests in complex cases and

other contexts such as in class actions and discovery motions. As such, this Court has experience with how much time attorneys should be spending and typically do spend on difficult and complex matters. This court believes that a reasonable time spent on the [anti-]SLAPP motion and the instant motion [for fees and costs] is, as [Maughan and Brown & Maughan] have suggested, approximately 50 hours or one attorney work week. Averaging the billing rate of the two attorneys who worked on the motion results in $ 425 per hour. $ 425 per hour multiplied by 50 hours amounts to $ 21,250. Adding a reasonable figure for costs the Court believes that $ 23,000 is a generous and reasonable award of attorneys' fees and costs given the circumstances in this action." *Id.*, at 1249.

•    In *Terry v. Davis Community Church*, 131 Cal. App. 4th 1534 (2005), the trial court granted defendants' anti-SLAPP motion and dismissed plaintiffs' complaint for libel and slander, among other things. The court awarded defendants $10,500 in fees. *Id.*, at 1543.

•    In *Wilkerson v. Sullivan*, 99 Cal. App. 4th 443 (2002), the trial court granted defendant's anti-SLAPP motion and dismissed plaintiffs' complaint seeking to limit defendant's demonstration activities. The court awarded the defendant $11,113.50 in attorney's fees incurred in bringing the motion. *Id.*, at 445.

•    In *Robertson v. Rodriguez*, 36 Cal. App. 4th 347 (1995), the trial court granted the defendants' anti-SLAPP motion and dismissed plaintiff's libel action. The court granted defendants' motion for fees and awarded $15,000. The appellate court held that the trial court did not abuse its discretion in awarding only $15,000 rather than defendants' incurred attorney fees and costs of $23,847. *Id.*, at 361.

In light of the "50 hour" rule of thumb articulated in *Maughan v. Google Technology, Inc.*, and the average amount of fees awarded to prevailing defendants in other cases, Fireside's request for $8,812.50 is fair and reasonable.

7.    The following is a separate, chronological summary of the total time and fees sought (not broken down by project).

| Date | Timekeeper | Description | Hours | Rate | Fee |
|------|-----------|-------------|-------|------|-----|
| 07-11-2007 | M. Wraight | Perform legal research on treatment of CCP § 427.16 ("anti-SLAPP statute") in Federal Court. | 2.0 | $235 | $470 |
| 07-12-2007 | M. Wraight | Continue legal research on CCP § 427.16. Prepare memo to partner re | 2.5 | $235 | $587.50 |

DECLARATION IN SUPPORT OF REQUEST FOR ATTY FEES
Case No. C 07-03883 WHA

| Date | Attorney | Description | Hours | Rate | Total |
|---|---|---|---|---|---|
| | | results of research and outline strategy for filing anti-SLAPP motion. | | | |
| 07-18-2007 | M. Wraight | Begin drafting anti-SLAPP motion. | 1.25 | $235 | $293.75 |
| 07-19-2007 | M. Wraight | Continue drafting anti-SLAPP motion. Draft Request for Judicial Notice and Proposed Order. | 5.00 | $235 | $1,175 |
| 07-20-2007 | M. Wraight | Perform legal research on application of California litigation privilege (§ 47) to plaintiff's claims for abuse of process and unfair business practices. Review and analyze *Rusheen v. Cohen*, 37 Cal.4th 1056; *Yu v. Signet Bank/Virginia*, 103 Cal.App.4th 298 (2002); *Chiu v. Collectronics, Inc.* 2006 WL 2979392; *Rubin v. Green*, 4 Cal.4th 1187 (1993). | 2.0 | $235 | $470 |
| 07-23-2007 | M. Wraight | Finalize anti-SLAPP motion. | 2.0 | $235 | $470 |
| 07-23-2007 | M. Wraight | Meeting with partner to discuss anti-SLAPP motion and review revisions. | .25 | $235 | $58.75 |
| 07-23-2007 | M. Wraight | Send anti-SLAPP motion to client for approval. | 0 | $235 | $0 |
| 07-30-2007 | M. Wraight | Meeting with paralegal to discuss preparing exhibits in support of anti-SLAPP motion. | 0 | $235 | $0 |
| 08-15-2007 | M. Wraight | Review email correspondence from A. Shalaby re cases he cited in support of his claim that CCP § 427.16 is unconstitutional. Review cited cases, including *Shalaby v. California*, 2003 WL 21556930 (N.D. Cal. 2003), *Shalaby v. Jacobowitz* 2003 WL 1907664 (N.D.Cal.,2003), and *Shalaby v. Freedman*, 2003 WL 22416492 (N.D.Cal.,2003) | 1.5 | $235 | $352.50 |
| 08-16-2007 | M. Wraight | Perform legal research re plaintiff's standing to challenge CCP § 427.16 as unconstitutional. | 1 | $235 | $235 |
| 08-21-2007 | M. Wraight | Meet with partner to discuss plaintiff's claim that § 427.16 is unconstitutional and proposed strategy for responding to this claim in the reply brief. | .25 | $235 | $58.75 |
| 08-21-2007 | M. Wraight | Send correspondence to client informing of plaintiff's contention that § 427.16 is unconstitutional and proposed strategy for responding to this claim in reply brief. | .25 | $235 | $58.75 |

- 7 -

| 08-22-2007 | M. Wraight | Review and analyze plaintiff's opposition papers. | 3 | $235 | $705 |
|---|---|---|---|---|---|
| 08-29-2007 | M. Wraight | Perform legal research and analysis of cases cited in plaintiff's opposition re constitutionality of § 427.16. | 2.25 | $235 | $528.75 |
| 08-28-2007 | M. Wraight | Begin drafting reply brief. | 3.5 | $235 | $822.50 |
| 08-29-2007 | M. Wraight | Finalize reply brief. | 3.25 | $235 | $763.75 |
| 09-12-2007 | M. Wraight | Prepare for hearing on anti-SLAPP motion by reviewing complaint, moving papers, opposition, and reply. | 1.0 | $235 | $235 |
| 09-12-2007 | M. Wraight | Review Court's "Notice re Hearing." Perform further legal research in response to Court's question re extension of *Rusheen v. Cohen*. | 2.0 | $235 | $470 |
| 09-13-2007 | M. Wraight | Continue preparing for hearing. Review cases, pleadings, and outline oral argument. Attend hearing on anti-SLAPP motion. | 3.5 | $235 | $822.50 |
| 09-13-2007 | M. Wraight | Prepare chronology of key events requested by Court during the hearing on anti-SLAPP motion. | 1 | $235 | $235 |
| | | **GRAND TOTAL** | 37.5 | | **$8,812.50** |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. This declaration is executed on October 2, 2007 at San Francisco, California.

DATED: October 2, 2007

SEVERSON & WERSON
A Professional Corporation


By: /s/ Mark I. Wraight
MARK WRAIGHT
Attorneys for Defendant
Fireside Bank

10363/0053/643648.1

DECLARATION IN SUPPORT OF REQUEST FOR ATTY FEES
Case No. C 07-03883 WHA