MARK D. LONERGAN (State Bar No. 143622)
MARK I. WRAIGHT (State Bar No. 228303)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
mdl@severson.com
miw@severson.com

Attorneys for Defendant
FIRESIDE THRIFT BANK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BILLIE J. SMITH, an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>FIRESIDE THRIFT COMPANY, a.k.a. FIRESIDE BANK, and DOES 1-50,<br><br>　　　　Defendants. | Case No.: C 07-03883 WHA<br><br>**FIRESIDE'S ANSWER TO COMPLAINT** |

Defendant Fireside Bank answers plaintiff's complaint as follows:

1.　Fireside admits that plaintiff financed her purchase of a used vehicle and the financing agreement was assigned to Fireside. Fireside denies the remaining allegations in paragraph 1.

2.　Fireside admits the allegations in paragraph 2.

3.　Fireside is without information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 3, and for that reason, denies those allegations.

4.　Fireside admits that plaintiff financed her purchase of a used vehicle, and that the vehicle was pledged as security. Fireside denies the remaining allegations in paragraph 4.

5.　Fireside admits that plaintiff ceased making payments towards the vehicle. Fireside is without information and knowledge sufficient to form a belief as to the truth of the

remaining allegations contained in paragraph 5, and for that reason, denies those allegations.

6. Fireside is without information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 6, and for that reason, denies those allegations.

7. Fireside admits that it filed a lawsuit against plaintiff and obtained a default judgment against her. Fireside denies that plaintiff was unaware of either the lawsuit or the default judgment.

8. Fireside denies that plaintiff was never served or sub-served. Fireside is without information and knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8, and for that reason, denies those allegations.

9. Fireside is without information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9, and for that reason, denies those allegations.

10. Fireside is without information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 10, and for that reason, denies those allegations.

11. Fireside is without information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 11, and for that reason, denies those allegations.

12. Fireside denies the allegations in paragraph 12.

13. Fireside denies that it "had no right at law to seek a deficiency judgment." Fireside is without information and knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13, and for that reason, denies those allegations.

14. Fireside admits that it has responsibilities under the RFDCPA. Fireside denies the remaining allegations in paragraph 14.

15. Fireside denies the allegations in paragraph 15.

16. Fireside denies the allegations in paragraph 16.

17. Fireside admits that it has responsibilities under the FFDCPA. Fireside denies the remaining allegations in paragraph 17.

18. Fireside denies the allegations in paragraph 18.

19. Fireside denies the allegations in paragraph 19.

20. This paragraph, which is part of plaintiff's third cause of action for "Abuse of Process" was stricken by the September 18, 2007 Order of the Court granting Fireside's special motion to strike pursuant to CCP § 425.16.

21. This paragraph, which is part of plaintiff's third cause of action for "Abuse of Process" was stricken by the September 18, 2007 Order of the Court granting Fireside's special motion to strike pursuant to CCP § 425.16.

22. This paragraph, which is part of plaintiff's third cause of action for "Abuse of Process" was stricken by the September 18, 2007 Order of the Court granting Fireside's special motion to strike pursuant to CCP § 425.16.

23. This paragraph, which is part of plaintiff's third cause of action for "Abuse of Process" was stricken by the September 18, 2007 Order of the Court granting Fireside's special motion to strike pursuant to CCP § 425.16.

24. This paragraph, which is part of plaintiff's third cause of action for "Abuse of Process" was stricken by the September 18, 2007 Order of the Court granting Fireside's special motion to strike pursuant to CCP § 425.16.

25. This paragraph, which is part of plaintiff's third cause of action for "Abuse of Process" was stricken by the September 18, 2007 Order of the Court granting Fireside's special motion to strike pursuant to CCP § 425.16.

26. Fireside denies the allegations in paragraph 26.

27. Fireside admits that plaintiff was required to pay for the vehicle she purchased, and that the retail installment sales contract provided terms and condition in the event of plaintiff's default. Fireside denies the remaining allegations in paragraph 27.

28. Fireside is without information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 28, and for that reason, denies those allegations.

29. Fireside admits that plaintiff did not pay for the vehicle she purchased. Fireside denies the remaining allegations in paragraph 29.

30. Fireside denies the allegations in paragraph 30.

31. This paragraph, which is part of plaintiff's fifth cause of action for "Unfair Business Practices" was stricken by the September 18, 2007 Order of the Court granting Fireside's special motion to strike pursuant to CCP § 425.16.

32. This paragraph, which is part of plaintiff's fifth cause of action for "Unfair Business Practices" was stricken by the September 18, 2007 Order of the Court granting Fireside's special motion to strike pursuant to CCP § 425.16.

33. This paragraph, which is part of plaintiff's fifth cause of action for "Unfair Business Practices" was stricken by the September 18, 2007 Order of the Court granting Fireside's special motion to strike pursuant to CCP § 425.16.

34. This paragraph, which is part of plaintiff's fifth cause of action for "Unfair Business Practices" was stricken by the September 18, 2007 Order of the Court granting Fireside's special motion to strike pursuant to CCP § 425.16.

## AFFIRMATIVE DEFENSES

As further, separate and affirmative defenses to plaintiff's complaint, Fireside alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (No Cause of Action)

1. The complaint and each claim for relief alleged therein fails to state facts sufficient to constitute a cause of action against Fireside.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

2. The complaint and each claim for relief alleged therein are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE
### (Privilege, Justification and Good Faith)

3. Fireside is informed and believes and on that basis alleges that any actions taken by Fireside with respect to any of the rights and obligations under the pertinent loan agreements and/or applicable laws were privileged, justified and in good faith.

- 4 -

## FOURTH AFFIRMATIVE DEFENSE

### (Consent)

4. Fireside is informed and believes and on that basis alleges that plaintiff consented to all actions taken by Fireside concerning the matters alleged in the complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

5. Fireside is informed and believes and on that basis alleges that plaintiff waived her right to complain of the acts or conduct alleged in the complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

6. Fireside is informed and believes and on that basis alleges that plaintiff is estopped from complaining of the acts or conduct alleged in the complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Duty)

7. Fireside owed no duty to plaintiff of the type described in the complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

8. Plaintiff's claims are barred by the equitable doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

9. Plaintiff's claims are barred by the equitable doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

### (Ratification)

10. Plaintiff's claims are barred, in whole or in part, because plaintiff ratified all conduct surrounding the occurrences alleged in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Offset)

11. Any injury or damages to plaintiff is offset by amounts owed by plaintiff to Fireside. The amount of offset will be according to proof at trial.

### TWELFTH AFFIMATIVE DEFENSE

### (Res Judicata)

12. Plaintiff's claims are barred by the doctrine of res judicata.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Collateral Estoppel)

13. The issues raised in plaintiff's complaint are barred by the doctrine of collateral estoppel.

WHEREFORE, Fireside prays for relief as follows:

1. That plaintiff take nothing by this action and that the complaint be dismissed as against Fireside;

2. For reasonable attorneys' fees;

3. For costs of suit; and

4. For such other and further relief as this Court may deem just and proper.

DATED: October 5, 2007

SEVERSON & WERSON
A Professional Corporation

By: /s/
_____
MARK WRAIGHT
Attorneys for Defendant
Fireside Bank